386 So.2d 1236 (1980)
James Clair HILTY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-360.
District Court of Appeal of Florida, Second District.
July 16, 1980.
Rehearing Denied August 26, 1980.
Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
*1237 RYDER, Judge.
James Clair Hilty appeals his conviction and sentence for the crime of grand theft of a motor vehicle under Section 812.014, Florida Statutes (1977). Hilty alleges that the trial court erred in refusing to include an instruction to the jury that appellant must have had the intent to permanently deprive the owner of the vehicle of his property.
Common law larceny was accomplished by "a felonious and fraudulent taking, and carrying away, by any person, of the mere personal goods of another, not from the person, nor out of his house, above the value of twelve pence." 1 Hawkins, A Treatise of the Pleas of the Crown, Chapter 33, at 89 (1716). The fraudulent and felonious taking was redefined in early Florida decisions to require animus furandi. Long v. State, 11 Fla. 295 (1866). Animus furandi is the intent to steal, or to feloniously deprive the owner permanently of his property. Black's Law Dictionary at 114 (1968). The animus furandi intent necessary for larceny found similar expression in other jurisdictions. See e.g., United States v. Northway, 120 U.S. 327, 335, 75 S.Ct. 580, 582, 30 L.Ed. 664, 667 (1887). Later cases of both Florida and other states require specific intent to permanently deprive the owner of property. See Phoenix Assurance Company Ltd. of London v. Eppstein, 73 Fla. 991, 75 So. 537 (1917); Valley Mercantile Company v. St. Paul Fire & Marine Insurance Company, 49 Mont. 430, 143 P. 559 (1914). Some authorities required both animus furandi  an intent to steal  and specific intent to deprive the owner of his property permanently. See 32 Am.Jur. Larceny § 37 (1941). Common law larceny was generally viewed as requiring animus furandi, equating the term with intent to steal and with intent to deprive the owner of his property permanently. Lafave & Scott, Criminal Law, at 637 (1972).
Florida first passed a larceny statute in 1868, which existed without substantial change until 1951, providing that one who "commits larceny by stealing the property of another" shall be punished. See e.g., Section 811.01, Florida Statutes (1949); Chapter 2440, Laws of Florida (1892). The common law requirement of intent to deprive the owner permanently of property was added to this statute by the courts. See e.g., Groover v. State, 82 Fla. 427, 90 So. 473 (1921). In 1951, the legislature changed the statute to provide "a person who, with intent to deprive or defraud the true owner of his property ..." takes the property shall be punished. Section 811.021(1), Florida Statutes (1951). This statute controlled until 1974. Section 811.021, Florida Statutes (1973). Intent to permanently deprive the true owner of his property was still an element. Board of Regents v. Videon, 313 So.2d 433 (Fla.1st DCA 1975); Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla.2d DCA 1966).
In 1975, the legislature amended the statute to provide "a person who with intent unlawfully to deprive or defraud the true owner of his property ..." takes the property shall be punished. Section 812.021, Florida Statutes (1975) (emphasis added).
In 1977, the legislature amended the statute to punish for theft:
812.014 Theft  (1) a person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
In State v. Allen, 362 So.2d 10 (Fla. 1978), the supreme court held the 1977 version constitutional by interpreting it not to have eliminated specific criminal intent by omitting the word "unlawfully". In a recent case holding the robbery statute constitutional, the supreme court similarly interposed a requirement of specific intent, affirming the definition of specific intent to be "intent to permanently deprive the owner of property." Bell v. State, Case No. 53,440 (Fla. Mar. 6, 1980).
*1238 We hold likewise that "specific intent" as provided in the Allen case as an element of theft is intent to permanently deprive the owner of property. Thus, the lower court erred in not instructing the jury on this element of the crime.
We now turn our attention to a second area wherein we believe the trial court erred; that is, the rejection of a jury instruction on a lesser included offense of unauthorized temporary use of the motor vehicle. Temporary use is a necessarily lesser included offense of the theft of a motor vehicle as defined in Brown v. State, 206 So.2d 377 (Fla. 1968), in that, like an attempt, a temporary use may be an embryonic permanent taking and hence it is necessarily included in the theft charge. Brown, supra, at pages 381-382.
We have carefully considered the remaining issues urged upon us by appellant and conclude that no further reversible error has been demonstrated, however, we REVERSE for the reasons given and REMAND for a new trial.
GRIMES, Acting C.J., and CAMPBELL, J., concur.