390 So.2d 728 (1980)
James Elbert FAISON, Appellant,
v.
STATE of Florida, Appellee.
No. 00-175/T1-108.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
On Rehearing November 19, 1980.
*729 Michael J. Minerva, Public Defender, and Harold W. Long, Jr., Asst. Public Defender, Tallahassee, and Mary Sue Donsky, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Judge.
Appellant, James Elbert Faison, was found guilty of two counts of grand theft under section 812.014, Florida Statutes (1977). We find no error as to Count I which charged the commission of criminal acts occurring on or about November 16, 1977 and affirm.
Count II provided:
SPECIFICATIONS OF CHARGE: In that, JAMES ELBERT FAISON, did, on or about the 19th day of August, 1977, at or near Ormond Beach within Volusia County, Florida, obtain or use or did endeavor to obtain or use the property of another, to-wit, U.S. Currency of the value of over One Hundred ($100.00) dollars or more, but less than $20,000.00, with the intent to deprive Susan Wendland, of her right to the property or benefit therefrom or with the intent to appropriate the property to his own use or to the use of a person not entitled thereto.
The record reflects that appellant had promised to purchase an automobile for a Susan Wendland, the daughter of a woman he had befriended. He had obtained $1,350.00 from her but had failed to deliver the car or return the money. Both the promise and other transactions occurred in August and September of 1977, but the theft statute (section 812.014) did not become effective until October 1, 1977. The record reflects that, as to Count II, the state failed to allege or prove any act constituting a theft after the effective date of the statute, October 1, 1977.
Unless the conviction can be sustained under section 812.021, Florida Statutes (1977), the larceny statute in effect prior to October 1, 1977, it must be reversed for insufficiency of the evidence. Pinder v. State, 53 So.2d 639 (Fla. 1951).
An essential element of larceny under section 812.021 was the intent to permanently deprive the owner of his property. Wethington v. State, 159 Fla. 670, 32 So.2d 458 (1947); Kemp v. State, 146 Fla. 101, 200 So. 368 (1941); Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966). Appellant requested the court to instruct the jury that the requisite intent is the intent to permanently deprive the owner of his property. This request was refused and instead a jury instruction which tracked the language of the new theft statute was given. That instruction required only a finding by the jury of an "unlawful" intent.
In several instances, the recitation of an incorrect statute in the information has been viewed as a mere technical defect waived by a failure to timely object. See, e.g., Sinclair v. State, 46 So.2d 453 (Fla. 1950); Smith v. State, 72 Fla. 449, 73 So. 354 (1916); King v. State, 336 So.2d 1200 *730 (Fla. 2d DCA 1976), cert. dismissed, 434 U.S. 802, 98 S.Ct. 30, 54 L.Ed.2d 60 (1977). However, in the case sub judice, the error was fundamental because the state failed to allege and prove a larceny under the former statute and the court failed to properly instruct on the essential elements of a larceny. Walsingham v. State, 250 So.2d 857 (Fla. 1971); Koltay v. State, 360 So.2d 802 (Fla. 2d DCA 1978). Therefore we must reverse as to Count II.
AFFIRMED in part and REVERSED in part.
DAUKSCH, C.J., concurs.
CROSS, J., concurs only in conclusion.

ON REHEARING
FRANK UPCHURCH, Jr., Judge.
Appellant James Elbert Faison has persuasively urged that we reconsider our opinion in this cause rendered July 2, 1980. We therefore grant rehearing and reexamine our opinion. Count I charged appellant with grand theft committed on or about November 16, 1977. Count II charged grand theft occurring on or about August 19, 1977. The question raised by appellant was whether the trial court erred, over appellant's objection, in omitting from instructions the element of intent to permanently deprive the owner of his property in grand theft.
The instruction which was given by the court was:
For the purposes of this case, the person is guilty of grand theft if he obtains or uses or endeavors to use the property of another with the intent: A, to unlawfully deprive the owner or person entitled to custody of their property of their right to the property or the benefit therefrom, or; B, to unlawfully appropriate the property to his own use or to the use of a person not entitled thereto. (Emphasis added.)
In our first opinion, appellant's conviction on Count II was reversed because the statute under which he was charged did not become effective until October 1, 1977 and the evidence was not sufficient to convict appellant under the former statute. We did not address the reasoning for our affirmation of Count I. The change in the language of the October 1, 1977 statute led us to conclude that the intent required in the prior statute had been changed and that it was now sufficient to charge an "unlawful" intent. That conclusion was incorrect.
In State v. Allen, 362 So.2d 10, 11 (Fla. 1978), the court stated:
We find no evidence to support the notion that the 1977 legislature intended by its omission of the word "unlawful" to eliminate specific criminal intent as an element of this offense. At best, the deletion of that term signifies a return to the state of the law existing before 1975, when the immediate predecessor to Section 812.014(1) took effect. For 24 years prior to that time, the jurisprudence of this state recognized the element of specific criminal intent as a necessary requisite to a larceny conviction, notwithstanding that the larceny statute during that period, as now, lacked an express directive that the intent be `unlawful.'
During that prior period, an essential element of larceny was the intent to permanently deprive the owner. American Fire & Cas. Co. v. Sunny South Aircraft Serv., 151 So.2d 276 (Fla. 1963); Wethington v. State, 159 Fla. 670, 32 So.2d 458 (Fla. 1947). Appellant contends that as the new theft statute incorporates conduct formerly known as larceny,[1] the intent under the theft statute must be the same as was required for a larceny. We agree.
*731 Bell v. State, No. 53,440 (Fla. March 6, 1980), involved a conviction for two counts of robbery. On appeal, the district court held there was no error in failing to instruct on specific intent as an element of the crime of robbery. The district court concluded that the legislature, by omitting the word "felonious" from the definition of robbery, had expanded the definition and had eliminated the requirement of specific intent. The question, "whether specific intent (i.e., the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery" was certified to the supreme court. The supreme court stated that it reached the same conclusion as it had in State v. Allen and held that specific intent is still a requisite element of the crime of robbery. The reasoning of that case is equally applicable to theft.
Therefore, the judgment of conviction as to Count I of the information is also reversed and remanded for new trial as to Count I.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:

(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
§ 812.014, Fla. Stat. (1979).
"Obtains or uses" means any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
(c) Obtaining property by fraud.
(d) 1. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception; or
2. Other conduct similar in nature.
§ 812.012, Fla. Stat. (1979).