411 So.2d 194 (1981)
Burnice C. BAXLEY, Danny Lee Harvey, Frederick C. Hazelwood, and Glenn Barna, Appellants,
v.
STATE of Florida, Appellee.
Andre TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-36, 80-17, 80-64, 80-65, 80-454 and 80-456.
District Court of Appeal of Florida, Fifth District.
November 25, 1981.
*195 Joseph W. DuRocher, Public Defender, Glenn Klausman and Thomas E. Doss, III, Asst. Public Defenders, Ninth Judicial Circuit, Orlando, for appellants Baxley, Harvey, Hazelwood, and Barna.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant Taylor.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The question involved in these cases which have been consolidated for appeal is whether specific intent, i.e., the intent to permanently deprive the owner of his property, is a requisite element of grand theft pursuant to section 812.014,[1] Florida Statutes (1979).
In Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), this court held that the "intent to permanently deprive" was required and that an information omitting this allegation was fatally defective. See also Bell v. State, 394 So.2d 979 (Fla. 1981); State v. Allen, 362 So.2d 10 (Fla. 1978); Hilty v. State, 386 So.2d 1236 (Fla.2d DCA 1980). In Allen, the supreme court held that there was no evidence of legislative intent to eliminate specific criminal intent as an element of section 812.014, Florida Statutes (1977). In Bell, the supreme court found specific intent to be a requisite element of robbery and affirmed the definition of specific intent as "the intent to permanently deprive the owner of property."
This court sitting en banc follows Faison and again holds that specific intent, i.e., the intent to permanently deprive the owner of his property, is a requisite element of section 812.014, Florida Statutes (1979).
The state contended that "the enactment of section 812.014 requires a construction that section 812.041[2] has been repealed to the extent that it may be in conflict with section 812.014." We disagree. Section 812.041 provides for an unauthorized temporary use of a motor vehicle, aircraft, boat or boat motor. Interpreting section 812.014 to require an allegation of specific intent to permanently deprive will achieve a field of operation for each statute. The principle was best stated by Chief Judge Dauksch in *196 Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980):
We also agree with the proposition that the legislature is presumed to know its own statutes and when it enacts a new statute, it is done with that knowledge. Tamiami Trail Tours, Inc. v. Lee, 142 Fla. 68, 194 So. 305 (1940). However, we are also guided by the `general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than have the former repealed by implication.' (citations omitted)
382 So.2d at 1239.
"An indictment or information in the language of the statute is ordinarily sufficient, except where the words of the statute do not contain all of the essential elements of the offense; but, if the statute omits an essential element, the indictment [or information] must supply it with certainty." United States v. Randolph, 460 F.2d 367, 370 (5th Cir.1972). In these cases, the informations did not allege the "intent to permanently deprive" and are therefore fatally defective.
REVERSED.
DAUKSCH, C.J., ORFINGER, and SHARP, JJ., concur.
COBB, J., dissents with opinion.
COWART, J., concurs with dissent.
COBB, Judge, dissenting.
Logically, we must either hold (1) that the enactment of the omnibus theft statute[1] in 1977 by implication repealed section 812.041, Florida Statutes, or (2) that the theft statute contemplates only permanent deprivation of property in order to differentiate it from the misdemeanor offense of unauthorized temporary use contemplated by section 812.041. To me, the former interpretation is clearly indicated despite the rule of construction discussed in Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA), review denied, 389 So.2d 1108 (Fla. 1980). The Florida Supreme Court has consistently held that where two statutes are inconsistent, the last expression of legislative will prevails. Askew v. Schuster, 331 So.2d 297 (Fla. 1976); Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); Overstreet v. Ty-Tan, Inc., 48 So.2d 158 (Fla. 1950); Johnson v. State, 157 Fla. 685, 27 So.2d 276 (1946), cert. denied, 329 U.S. 799, 67 S.Ct. 491, 91 L.Ed. 683 (1947).
The crime of theft, whether it be a felony or misdemeanor, is now defined by the 1977 act, which has the following section:
812.014 Theft. 
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
It is patently clear that one who knowingly takes the motor vehicle of another, even without any intent to permanently deprive the owner of the property, fits the above definition. The temporary loss of the vehicle deprives the owner of a right to the property and a benefit from it. Indeed, section 812.012, which defines the terms used in section 812.014, states that "obtains or uses" means any manner of making any unauthorized use of property. Any unauthorized use includes a temporary use as well as one intended to be permanent. How could language be any more clear?[2]
The fact that permanent deprivation was the prior criterion which differentiated the crime of larceny from the misdemeanor offense of unauthorized use does not render it immutable and immune from legislative revision. In Bell v. State, 394 So.2d 979 (Fla. 1981), which led this court astray in Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), *197 the Florida Supreme Court considered the question of whether or not a change in the language of the robbery statute in 1974 had eliminated the requirement of a specific intent to deprive the owner of the property taken  i.e., the intent to steal as opposed to a taking based upon an innocent mistake of fact or law. Unfortunately, the certified question quoted by the court in Bell parenthetically equated "specific intent" with the permanent deprivation of the owner's property rather than simply with the intent to steal. See Fountain v. State, 92 Fla. 262, 109 So. 463 (1926); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922). Whatever may have been the elements of "specific intent" in 1974, which was the controlling date in Bell, that determination does not control the interpretation of legislation enacted in 1977.
In holding that specific intent was still a requisite element of the crime of robbery, Bell did not, in my view, intend to adopt for all time to come the parenthetical definition of specific intent incorporated in the certified question. That was not the question nor the issue before the Bell court.
In the earlier case of State v. Allen, 362 So.2d 10 (Fla. 1978), the Florida Supreme Court held that the omission of the word "unlawful" in the 1977 theft statute did not evince a legislative intent to eliminate specific criminal intent as an element of the offense. Nothing in the Allen case requires a construction that the criminal intent in the 1977 theft statute is the intent to permanently deprive the owner of his property as opposed to the correct interpretation: the specific intent to steal. See Fountain; Montsdoca.
In Faison, this court observed that during the 24-year period prior to 1975, "an essential element of larceny was the intent to permanently deprive the owner." Two cases were cited in support of this proposition: American Fire & Cas. Co. v. Sunny South Aircraft Serv. Inc., 151 So.2d 276 (Fla. 1963), and Wethington v. State, 159 Fla. 670, 32 So.2d 458 (Fla. 1947).
The American Fire case contains the following language:
It is our conclusion that the substance of the definition [of felonious theft] ... should be held to mean that the intention to steal, that is to feloniously deprive the owner permanently of his property, a question of fact to be determined by the jury, is an essential element in the crime of larceny. A taking of the personal property of another, without his consent, with the intent to permanently deprive the owner thereof, or the intentional dealing with the property of another, without his consent, in such a manner as to create an unreasonable risk of permanent loss, constitutes an intent to steal.
151 So.2d at 278.
This enunciated definition of felonious theft was changed by the clear wording and intent of the 1977 Florida Legislature so that any unauthorized use, disposition or transfer of the property of another which deprives that person of a benefit therefrom now fits within that definition. Faison simply refuses to recognize the legislative prerogative to define the crime of theft. It is supported in this refusal by the recent Second District Court of Appeal case of Hilty v. State, 386 So.2d 1236 (Fla. 2d DCA 1980), review denied, 392 So.2d 1379 (Fla. 1981).
The instant case reaches the anomalous result that informations which track the language of the theft statute verbatim are fatally deficient because of the absence of an allegation pertaining to permanent deprivation. I would hold that such an allegation is no longer necessary since October 1, 1977, and that section 812.041, Florida Statutes (1975), was repealed by implication. I would affirm.
NOTES
[1] Section 812.014(1), Florida Statutes (1979), provides:

A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent: (a) To deprive the other person of a right to the property or a benefit therefrom. (b) To appropriate the property to his own use or to the use of any person not entitled thereto.
[2] Section 812.041, Florida Statutes (1979), states:

(1) Any person who temporarily uses any motor vehicle, aircraft, boat or boat motor without the authority of the owner or his representative, or who shall knowingly be a party to such unauthorized use, shall, upon conviction, be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
(2) Nothing in this section shall be construed to apply to any case in which the taking of the property of another is with intent to steal the same or in which the taking is under a claim of right or with the presumed consent of the owner of other person having the legal control, care, or custody of the same.
[1] See § 812.012-812.037, Fla. Stat. (1979).
[2] The transcript of the senate committee hearing on the draft of the 1977 model theft statute reveals that the legislative intent at that time was "to eliminate all the common-law defenses that are available under larceny and to eliminate all the specific larceny crimes" (emphasis added) so as to consolidate all such crimes into one comprehensive theft act.