414 So.2d 1171 (1982)
Albert GREEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 81-1013.
District Court of Appeal of Florida, Fifth District.
June 9, 1982.
*1172 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This appeal involves the sufficiency of the allegations in an information charging robbery to allege the requisite mental intent.
After an examination of the record, we conclude that the witness Hamrick's in-court identification of appellant had an adequate basis independent of, and was not "tainted" by, his observation of appellant at the pre-trial bond hearing and there was no error in admitting Hamrick's identifying testimony. We also conclude that the trial judge did not abuse the discretion he has under present[1] Florida Rule of Criminal Procedure 3.410 in declining to have the court reporter read to the jury, upon its request, a portion of a witness' testimony.
The information in this case charges robbery in the usual manner, alleging that appellant did "by force, violence, assault or putting in fear, unlawfully rob, steal and take away from" the named victim property which was the subject of larceny.
Appellant cites Bell v. State, 394 So.2d 979 (Fla. 1981), for the proposition that the intent to permanently deprive the owner of his property is a necessary element of robbery as defined in section 812.13, Florida Statutes (1981). Appellant also cites Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), and Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981), in which this court relied on Bell to hold that specific intent to permanently deprive an owner of property is an element of theft as defined in section 812.014, Florida Statutes (1981).[2]
Whether Bell holds that the essential specific intent in the crime of robbery is the intent to deprive the possessor of a right to the property or a benefit thereof or that such specific intent must be the intent to permanently deprive[3] does not control *1173 the disposition in this case, because here the question not only relates to the essential elements of the offense of robbery, but the sufficiency of the allegation of those elements in the charging document and the consequences of defects in alleging elements of a crime. In two cases, Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937), and Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922), cited by the supreme court in Bell, the supreme court had earlier held that charging documents alleging that the defendant did "rob, steal and take away" did not wholly fail to charge the crime of robbery and were therefore not fundamentally deficient. This was but an application of the general rule that, while an information which completely neglects to allege an essential element of a crime fails to allege a crime and is fundamentally deficient and can be attacked at any time, an information which imperfectly alleges an element of a crime but does not wholly fail to allege that element is not fundamentally deficient and must be attacked by a motion to dismiss or the defect is deemed harmless. Even if attacked by a motion to dismiss, denial of the motion may be harmless error if the defendant can show no prejudice in his defense. See Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981); Kane v. State, 392 So.2d 1012 (Fla. 5th DCA 1981); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980).
The information in this case charging that the appellant did "steal," imperfectly alleges all of the elements of the offense of larceny, including the element of intention, which is "animo furandi," just as an information charging statutory theft (§ 812.014, Fla. Stat.) which alleges only an intent to deprive, rather than the more complete and accurate "intent to permanently deprive," merely imperfectly alleges the necessary mental element. See Brewer v. State, No. 81-528 (Fla. 5th DCA April 14, 1982) [1982 FLW 820]. Accordingly we hold[4] that the information in this case was not fundamentally deficient and cannot be attacked for the first time on appeal.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] As amended effective February 1, 1973. See In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972).
[2] The legislature has recently amended section 812.014(1), defining theft. Effective July 1, 1982, the specific intent required for theft is either the intent to temporarily or permanently deprive. Ch. 82-164, Laws of Fla. This same law repealed section 812.041, defining as a crime unauthorized temporary use of a vehicle.
[3] In the DCA opinion, Bell v. State, 354 So.2d 1266 (Fla. 3d DCA 1978), the Third District Court of Appeal expressed the view that the legislature's enactment of a new robbery statute in 1975 did away with the requirement of specific intent for the crime of robbery and that statutory robbery was but a general intent crime. The third district certified to the supreme court the question: "whether specific intent (i.e., the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery as now defined by Section 812.13, Florida Statutes (1975)." Id. at 1267. The supreme court, in Bell v. State, 394 So.2d 979 (Fla. 1981), stated that "the elements of the crime as statutorily defined have traditionally been held to include specific intent, i.e., the intent to steal." Id. at 979. The supreme court concluded that the legislature, by enacting the new robbery statute, had not eliminated the element of specific intent and held "that specific intent is still a requisite element of the crime of robbery... ." Id. at 980. The question certified by the district court defines specific intent as being intent to permanently deprive. Of course, specific intent can be any intent to accomplish a particular objective or purpose and could be the intent to permanently deprive the possessor of his use and benefit of his property or could be merely the intent to deprive the possessor of the use and benefit of his property. The supreme court never stated in Bell that the intent in statutory robbery was the intent to permanently deprive. See Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981) (Cobb, J., dissenting). The point of law is not that difficult and should be made clear. Robbery is a form of aggravated larceny, being larceny from the person by violence or putting in fear. Since all the elements of larceny are included in robbery, there must be in robbery a specific intent to deprive the owner permanently of his property. See 2 W. Burdick, The Law of Crime § 600 at 428 n. 75 (1946), citing Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937), which case was cited by the supreme court in Bell.
[4] Actually, this issue has been resolved by this court previously, but without opinion, in Xander v. Leffler, No. 82-76 (Fla. 5th DCA January 15, 1982) (writ of prohibition raising this issue denied) and Lane v. State, No. 81-923 (Fla. 5th DCA March 10, 1982) (per curiam affirmed).