PER CURIAM.
We affirm the conviction of grand theft, but remand to the trial court for correction of the sentence.
Appellant was arrested and convicted on an information containing the following allegations:
VERNON WINDELL GASKIN, on the 13th day of April, 1981 in the state and county aforesaid did unlawfully obtain or use, or endeavor to obtain or use the property of Brantley Jewelry, Blounts-town, Florida, to-wit: One tray containing eleven assorted rings, having a value of more than $100.00, with the intent to deprive or defraud the said Brantley Jewelry of a right to said property or a benefit therefrom or to appropriate said property to his own use or to the use of any person not entitled thereto, in violation of Section 812.014, Florida Statutes.
In this appeal, appellant presents an argument not raised in the trial court, i.e., that the information was fundamentally defective because it did not contain an allegation that he intended to permanently deprive the owner of his property. Appellant urges this court to follow the Fifth District Court’s opinion in Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), holding that the specific intent to permanently deprive was a requisite element of the crime charged, and that the failure to so charge and instruct the jury required reversal. We need not consider the Faison rule in this case because, as that same court has more recently held, a charging document which substantially but imperfectly charges a' crime is not fundamentally deficient. Such imperfections should therefore be deemed harmless when not attacked by motion to dismiss. Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982). We find that the charging document in this case, as in Green, substantially alleged the essential elements of the crime charged. Therefore the failure to challenge the information in the proceedings below waived the right to do so on appeal.
We have examined the other points raised by appellant and find them to be without merit. However, the case must be remanded for the purpose of correcting the sentence to properly reflect the amount of jail time credit.
The judgment and conviction are affirmed; the cause is remanded for correction of the sentence.
McCORD, BOOTH and WENTWORTH, JJ., concur.