PER CURIAM.
Grant appeals from his conviction, after a jury trial, of the crime of burglary of a dwelling with intent to commit a theft. § 810.02(3), Fla.Stat. (1980). He urges that the trial court erred when, in instructing the jury as to the elements of theft, it failed to make the requisite charge of intent to permanently deprive the owner of his property. We disagree.
In support of his argument Grant cites Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981), Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), and Hilty v. State, 386 So.2d 1236 (Fla.2d DCA 1980). These cases, however, hold only that specific intent to permanently deprive an owner of property is an element of theft as defined in section 812.014, Florida Statutes (1981). Green v. State, 414 So.2d 1171, 1172 (Fla. 5th DCA 1982). They do not mandate that specific intent to permanently deprive an owner must be charged when instructing as to burglary or any other crime with an underlying crime of theft.
We decline to extend the rationale of these cases to Grant’s situation. Rather, we find this appeal more appropriately governed by Taylor v. State, 386 So.2d 825 (Fla.3d DCA 1980). In Taylor, the state sought to prove the charge of felony murder by proving that the victim’s death occurred during the felony of robbery. The defendant contended that the instruction was deficient because it failed to inform the jury that intent to permanently deprive another of property is an essential element of the charge of robbery. The Third District Court of Appeal rejected this argument, holding:
The elements of the underlying felony . . . need not be explained with the same particularity that would be required if that offense were the primary crime charged. The true test is whether the underlying felony has been defined sufficiently to insure the defendant a fair trial.
Id., at 829. There, the underlying robbery charged omitted any mention of specific intent and tracked the statutory language for robbery. Similarly, while the instruction in this case fails to charge intent to permanently deprive the victim of his property, the trial court’s instruction tracked the statutory language for theft, section 812.014(1):
Now, theft is defined as follows: That the defendant, Charles Grant, knowingly and lawfully used, obtained, or endeavored to obtain or endeavored to use the property of (the victim); *904 And that he did so 'with the intent to deprive_ (the victim) of his right to the property or any benefit from it or to appropriate the property of (the victim) to his own use or to the use of any person not entitled to it. (Emphasis supplied).
We conclude that the underscored phrase charges the underlying crime of theft with sufficient particularity to insure the defendant a fair trial.
AFFIRMED.
McCORD, BOOTH and WENTWORTH, JJ., concur.