COBB, Judge.
The appellants, Richard Bernard Frederick and John L. Inman, argue that the trial court erred by its refusal to instruct the jury, in regard to the burglary charge against them, as to the specific intent to permanently deprive the owner of the property. They rely on Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981), which held that such intent is an element of theft. In the instant case, however, theft is the underlying crime, not the primary charge.
Baxley has been distinguished by the recent case of Grant v. State, 420 So.2d 903 (Fla. 1st DCA 1982), relying on the reasoning of the Third District Court of Appeal in Taylor v. State:[1]
The elements of the underlying felony ... need not be explained with the same particularity that would be required if that offense were the primary crime charged. The true test is whether the *151 underlying felony has been defined sufficiently to insure the defendant a fair trial.
Here, the trial judge defined the underlying offense of larceny as follows:
[Larceny] means, stealing. It’s called, in some of the statutes, theft, but everybody understands what the word stealing means.
They [Frederick and Inman] are charged with having the intent to steal. ... Now, what is theft? In Florida, theft or larceny is defined as knowingly and unlawfully obtaining or using or endeavoring to obtain or use, endeavoring to obtain or use the property of another and it must be done so with the intent to either deprive the victim of his right to the property or any benefit from it or to appropriate the property of the victim to the defendant’s own use or the use of any other person not entitled thereto.
There was no other objection to this charge and there is no challenge on appeal to the court’s instruction on the primary charge of burglary. Consequently, we find that the defendants, under these instructions, received a fair trial.
The remaining issue on appeal (the failure of the information to allege the owner’s non-consent to entry) is without merit in view of the recent Florida Supreme Court case of State v. Hicks, 421 So.2d 510 (Fla.1982).
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. 386 So.2d 825, 829 (Fla. 3d DCA 1980).