PER CURIAM.
Appellants raise numerous issues on appeal, only one of which merits discussion. Appellants challenge for the first time on appeal the information under which they were charged and convicted for robbery on the ground that it omits the essential element of specific intent to permanently deprive [1] the owner of his property. We have reviewed the information and conclude that that element of intent was merely defectively or imperfectly pled,[2] and thus appellants have waived their right to raise the defect on appeal.
Accordingly, the judgments of conviction are affirmed.
BOOTH and WENTWORTH, JJ., and McCORD (Retired), Associate, J., concur.

. This opinion should not be construed as addressing the issue of whether the specific intent to permanently deprive the owner of his property remains an essential element of robbery. Compare State v. McNeill, 407 So.2d 1021 (Fla. 4th DCA 1981), and Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981) (Justice Cowart, dissenting opinion), reversed, State v. Dunmann, 427 So.2d 166, 1983 FLW 18 (Fla.1983), with Green v. State, 414 So.2d 1171, 1172 n. 3 (Fla. 5th DCA 1982).

. The intent is involved in the averment of the completed act; the unlawful taking by force of the property of another. The term “to take away by force” is equivalent in meaning to the term “steals,” see Webster’s Third New International Dictionary, unabridged. The word “steal” sufficiently implies the intention to deprive the owner of his property. Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982).