HENDRY, Judge.
Appellant challenges his conviction of attempted burglary and possession of a burglary tool. On appeal, appellant contends that the trial court erred in denying his motion for judgment of acquittal where the evidence was insufficient to prove that once inside the building, he intended to commit the specific offense of theft, as was alleged in the information. Additionally, appellant asserts that the trial court erred in failing to instruct the jury on the essential element of the intent to commit theft. Finally, appellant argues that the information was fatally defective in that it failed to allege non-consent to the attempted entry. For reasons more fully developed below, we affirm appellant’s convictions.
At 3:00 a.m. on August 26, 1980, appellant was observed removing a screen from a window in the side of the Neighborhood Grocery Store in Key West, Florida. After watching appellant feel around the window itself, the eyewitness went downstairs and asked her landlady to call the police. She then went back upstairs to her apartment and watched as appellant walked around to the front of the building and opened the screen door. He then walked around to the side of the building as the police arrived.
Two police officers in separate cars responded to the call. Officer Grantham testified that as he approached the grocery he saw appellant at the front door of the store. *486 He then observed appellant walk around to the side of the building, step into the middle of the street, and throw an object over the other side. Officer Grantham later retrieved the object, which was a crowbar. Both Officer Grantham and Officer Arbie testified that the width of the crowbar matched the width of the pry marks found on the front doors as well as a side door of the grocery. They also found that the door knob on the side door had been removed. Additionally, both officers testified that there were green paint chips on the crowbar which matched the paint on the doors and that there were pieces of paint missing on the area around the pry marks.
The only other evidence presented by the state was that of the owner of the grocery, who testified about the damage done during the attempted break-in. She also testified that appellant did not have her consent to enter the grocery at 3:00 a.m. At the close of the state’s case, appellant moved for a judgment of acquittal. When that motion was denied, the defense rested.
At the outset, we note that the facts of this case are almost identical to those of State v. Waters, 436 So.2d 66 (Fla.1983), which also involved an attempted burglary. The informations filed in both cases alleged that the defendants attempted to enter a structure with an intent to commit therein the specific offense of theft. Because the burglaries were never completed, however, there was no direct proof of what the defendants intended to do once actually inside. The state was placed in the position of trying to prove, by circumstantial evidence, a specific intent to commit theft. The Fourth District Court of Appeal[1] found the circumstantial evidence to be legally insufficient, stating that “mere proof of a breaking and entering does not warrant an inference that the accused intended to commit a specific offense inside the premises.” Id. at 1132. Given that decision, it became impossible to convict a defendant for the crime of attempted burglary because the state could never directly prove what the defendant intended to do once inside the structure. Cf. Ellis v. State, 425 So.2d 201 (Fla. 5th DCA 1983).
This dilemma has now been resolved by the Florida Supreme Court. In its review of the district court’s decision, State v. Waters, supra, the Court analyzed the facts of the case and found that the circumstances shown were inconsistent with any hypothesis of intent to commit any offense except theft. The Court stated:
In the present case, in which intent to commit a specified offense was alleged, there was circumstantial evidence from which the trier of fact could properly conclude that the defendant here attempted to enter with the intent to commit theft.
Id. at 288.
The same reasoning applies in the case sub judice. Since the attempted burglary took place at 3:00 a.m., it may be inferred that appellant knew there was no one in the grocery, thus negating any intent to commit a crime against a person such as rape, murder, robbery, assault, or battery. The evidence showed that appellant had a crowbar but no explosives or flammable materials, thus negating any intent to commit the offense of arson. Since the question of appellant’s intent to steal is a question of fact to be determined by the trier of fact based upon all of the circumstances shown by the evidence, State v. Waters, 436 So.2d 70, and cases cited therein, we find that the jury could reasonably conclude that appellant was attempting to break into the Neighborhood Grocery for the purpose of committing theft.
Appellant’s second issue on appeal is that the trial court erred in failing to instruct the jury on the element of intent to commit theft, the secondary offense under the primary attempted burglary offense. We find this issue to be without merit. We note at the outset that there was no objection to the omitted instruction on the intent to commit theft. Indeed, the trial judge, before sending the jury out for its deliberations, specifically asked both trial counsel *487 whether there were any objections to the instructions as given to the jury. No objections were raised. The Florida Supreme Court has held that “[WJhere the alleged error is giving or failing to give a particular jury instruction, we have invariably required the assertion of a timely objection.” Castor v. State, 365 So.2d 701, 703 (Fla.1978).
Additionally, we note that what appellant intended to do once he gained entry into the grocery was never an issue in this case. Appellant’s defense was based on the question of identity. Appellant’s cross-examination of witnesses and his closing arguments focused on the issue of identity. His one requested jury instruction concerned the accuracy of the identification. On the basis of these facts, we find that the subject of the defective instruction was not an issue at trial and we decline to reverse in the absence of a timely objection. Stewart v. State, 420 So.2d 862 (Fla.1982); Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), rev. denied, 426 So.2d 26 (Fla.1983); Williams v. State, 400 So.2d 542 (Fla. 3d DCA), rev. denied, 408 So.2d 1096 (Fla.1981), cert. denied, - U.S. -, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983). Cf. Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981) (finding that where the defense made specific intent a material issue, the failure to so instruct mandated reversal of the defendant’s conviction).
Appellant’s remaining issue on appeal, the failure of the information to allege the owner’s non-consent to entry, is without merit in view of State v. Hicks, 421 So.2d 510 (Fla.1982); Frederick v. State, 424 So.2d 150 (Fla. 5th DCA 1982).
Affirmed.

. Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981).