SHIVERS, Judge.
Kearse appeals judgment and sentence for unarmed robbery. We reverse and remand for a new trial. At issue are (1) whether the information was defective for failure to allege intent to permanently deprive the owner of her property, and whether the motion to dismiss for such failure was timely filed, (2) whether appellant’s motion for mistrial should have been granted after the arresting officer commented on appellant’s silence at his arrest and (3) whether the sentence should be vacated or remanded for sentencing errors. We reverse and remand because of the officer’s comment at trial on defendant’s silence.
Defendant was charged with unarmed robbery. Counsel for defendant reserved the right to file a motion to dismiss pursuant to Rule 3.190(c) of the Florida Rules of Criminal Procedure. This motion was heard on January 24, 1984, at which time it was denied. The substance of the motion was that the information lacked an essential element, lack of consent. The next day, January 25, 1984 the defendant filed a subsequent Rule 3.190(c) motion, alleging that the information was defective due to failure to allege intent to permanently deprive the owner. Upon review of the motion and the memorandum filed in support thereof, the trial court determined that the motion did not raise a question of fundamental error pursuant to Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982), and dismissed it as untimely.
At trial, during questioning of the arresting officer by the assistant state attorney, the officer made the following spontaneous statement about the defendant: “[H]e was very uncooperative and wouldn’t talk.” Whereupon defense counsel moved for mistrial and asked to approach the bench. At *204 the side bar the judge ruled that the comment was more in the nature of a comment upon the defendant’s demeanor, rather than a comment on defendant’s refusal to talk. The defendant offered no proof, was convicted, and sentenced pursuant to the guidelines.
On appeal the defendant raises three issues, only two of which are pertinent to this court’s disposition.
The defendant initially raises the sufficiency of the information, and whether the trial judge erred in refusing to consider the second motion to dismiss since it alleged fundamental error. It appears that it is well within the discretion of the court to refuse to consider a Rule 3.190(c) motion to dismiss absent a specific reservation to allow its filing.
Rule 3.190(c) provides:
(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court.
Since the defendant did not reserve the right to file a subsequent motion, and the court did not grant the defendant permission to file an additional motion, the motion was untimely.
We further hold that the information, which alleged “taken by force, violence, assault or putting in fear” is sufficient, as was held in the similar case of Morris v. State, 428 So.2d 700 (Fla. 1st DCA 1983). In that case “to take away by force” was held to be equivalent to “steal”, which is sufficient to imply intent to permanently deprive the owner. We note however, that the language is not as clearly worded as it could be. In Gaskin v. State, 420 So.2d 366 (Fla. 1st DCA 1982), dism. 424 So.2d 761 (Fla.1984) we held that a charging document which substantially but imperfectly charges a crime is not fundamentally deficient. Such imperfections should therefore be deemed harmless when not attacked by a motion to dismiss. We therefore find that the information was not fundamentally defective, and approve the action of the trial judge.
The appellant’s second contention is that a mistrial should have been granted upon the officer’s comment concerning the defendant’s silence, in violation of the Fifth Amendment of the United States Constitution. This case is factually indistinguishable from Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984). In that case it was held that Donovan v. State, 417 So.2d 674 (Fla.1982) mandates reversal in that, “any comment on the accused’s exercise of his right to remain silent is reversible error, without regard to the harmless error doctrine.” At 675. We note that the Fifth District Court of Appeal has, in Rowell v. State, supra, certified the question whether State v. Murray, 443 So.2d 955 (Fla.1984) has modified this absolute rule, but as we are bound by the decision in Donovan, we are constrained to reverse and remand for a new trial. The remaining contention of the appellant concerning the impropriety of the sentencing pursuant to the guidelines becomes moot.
REVERSED and REMANDED for a new trial.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.