McDONALD, Chief Justice.
We granted review of Kearse v. State, 464 So.2d 202 (Fla. 1st DCA 1985), because it presents the same issue as the questions certified in Rowell v. State, 450 So.2d 1226 (Fla.5th DCA 1984), and DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984). In Kearse the district court reversed Kearse’s conviction and remanded for a new trial because of a comment concerning Kearse’s right to remain silent. The court went on to say that the instant case is indistinguishable from Rowell. We recently held that the comment in Rowell did not constitute a comment on silence and quashed that deci *1142 sion. State v. Rowell, 476 So.2d 149 (Fla.1985).
Our review of this record indicates that one could reasonably conclude that the witness’ comment here implicated Kearse’s right to remain silent. It is, therefore, more like DiGuilio than Rowell. In State v. DiGuilio, 491 So.2d 1129 (Fla.1986), we held that a comment on a defendant’s remaining silent should be evaluated under the harmless error doctrine. Applying that test to the instant case, we find the witness’ comment to have been harmless beyond a reasonable doubt. Therefore, we quash that portion of the instant decision granting a new trial and direct the district court to affirm his conviction. We remand for consideration of Kearse’s third point on appeal, concerning sentencing errors, because that point is no longer moot.
It is so ordered.
BOYD, OVERTON and SHAW, JJ., concur.
ADKINS, EHRLICH and BARKETT, JJ., dissent.