EN BANC
CAMPBELL, Judge.
Appellant challenges his conviction and sentence for robbery with a deadly weapon. He also challenges the additional sentence imposed for his violation of probation on a prior marijuana charge. Appellant had pled nolo contendere to a charge of delivery of marijuana in November of 1985, and was sentenced to probation. While on probation, on November 21, 1986, appellant was convicted, in absentia, of robbery with a firearm. Appellant was subsequently charged with violating his probation on the marijuana charge by failing to report to his probation officer. The probation violation was unrelated to appellant’s robbery conviction. After appellant was located, he was sentenced on September 18, 1987, for both the robbery and the subsequent probation violation on the marijuana charge. The court used a single guidelines score-sheet showing a recommended guidelines sentence of seven to nine years. The court sentenced appellant to nine years imprisonment for the robbery conviction and to a consecutive five-year term on the marijuana charge. We affirm both his conviction for robbery with a deadly weapon and his subsequent consecutive sentences for that robbery and for delivery of marijuana.
Appellant challenges his robbery conviction on two grounds. He first alleges that the trial court erred in allowing his case to proceed to trial after appellant voluntarily absented himself after the jury was selected but prior to it being sworn. We find no error in the trial judge allowing appellant’s trial to proceed under the circumstances of this case. It is not disputed that appellant voluntarily absented himself after voir dire. Appellant and a codefend-ant were present at trial on November 18, 1986, when voir dire was conducted and completed. Appellant failed to appear thereafter. Florida Rule of Criminal Procedure 3.180(b) provides that where a defendant is present at the beginning of a *320 trial but thereafter voluntarily absents himself from the presence of the court, the trial, through the return of a verdict, shall proceed as though the defendant were present. The Florida Supreme Court in State v. Melendez, 244 So.2d 137, 139 (Fla.1971), stated: “It is settled law that trial begins when the selection of a jury to try the case commences.”
Appellant next challenges his robbery conviction on the basis that the trial judge erred in instructing the jury on the elements of robbery. The trial judge’s instructions charged the jury that an element of robbery was a temporary or permanent intent to deprive the victim of his property. We find no error in that charge as we construe the law of Florida in regard to the elements of robbery as they exist today. In reaching that conclusion, we recede from the previous holding of this court in Hall v. State, 505 So.2d 657, 658 (Fla. 2d DCA), cause dismissed, 509 So.2d 1117 (Fla.1987), in which we stated that an essential element of proof in regard to the crime of robbery is “that the accused had the specific intent to permanently deprive the owner of property.” (Emphasis supplied.)
There are numerous Florida cases in recent years that discuss the criminal intent required in regard to the taking of property of another to commit the crime of robbery in Florida since the legislature amended the larceny or theft statutes by enacting the Florida Anti-Fencing Act by chapter 77-342, § 2, Laws of Florida (1977), codified as sections 812.012-812.037. See State v. Dunmann, 427 So.2d 166 (Fla.1983); Bell v. State, 394 So.2d 979 (Fla.1981); State v. Allen, 362 So.2d 10 (Fla.1978); Hall; Hilty v. State, 386 So.2d 1236 (Fla. 2d DCA 1980), rev. denied, 392 So.2d 1379 (Fla.1981); Vaughn v. State, 460 So.2d 505 (Fla. 3d DCA 1984); Green v. State, 414 So.2d 1171 (Fla. 5th DCA), rev. denied, 422 So.2d 842 (Fla.1982); Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981), rev’d, State v. Dunmann, 427 So.2d 166 (Fla.1983); State v. McNeill, 407 So.2d 1021 (Fla. 4th DCA 1981); Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980). Those cases and others have generally discussed the issue and rightly concluded that theft and robbery in Florida, regardless of recent amendments to our theft statutes, still require a specific criminal intent in regard to the taking of the property of another. Those cases have also rightly concluded that the specific intent necessary is the intent to commit theft or larceny, or the intent “to steal.” The confusion which appears to us to have been communicated to our trial courts with regard to the specific intent necessary to commit robbery has resulted from a failure to clearly define that specific intent subsequent to the statutory changes in the necessary elements of larceny or theft made by the Anti-Fencing Act in 1977.
Without discussing each of the above cited cases individually, it is sufficient for us to observe that those which have considered the issue have rightly concluded that theft in Florida, as proscribed by section 812.014(1), Florida Statutes (1987), now includes the obtaining or using of the property of another with intent to either temporarily or permanently deprive the owner of the property. Unfortunately, several courts have appeared to conclude, as did this court in Hall, that robbery in Florida still requires a specific intent to permanently deprive another of property and have specifically or by inference held that a specific intent to temporarily deprive is not sufficient. That appears to us now to be clearly wrong. But see Green, 414 So.2d at 1173, n. 3 [1]. “Theft” in Florida has clearly supplanted the former crime known at common law and by previous statutory definitions in this state as “larceny.” The offenses of “larceny” and “stealing” are now encompassed by and completely subsumed within section 812.014(1). Therefore, the old crimes formerly described as larceny, stealing, embezzlement and others, are all now known as “theft” and defined by section 812.014(1) as follows:
*321 (1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
The conclusion that “theft” in Florida now encompasses the former crimes such as larceny, stealing' and embezzlement is clearly supported by section 812.012(2), Florida Statutes (1987), where the phrase “obtains or uses,” used in defining theft above, is itself defined as any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
(c) Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
(d) 1. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception; or
2. Other conduct similar in nature.
Perhaps it has been the blurring of the distinction between the nature of the taking, the animus furandi, and the nature of the intent that has created the confusion in the temporary versus permanent dichotomy. See Hilty. It appears that confusion was enhanced by reason of some apparently inadvertent language used in Bell, 394 So.2d at 979.
In Bell, the supreme court had before it a certified question phrased as follows: “Whether specific intent (i.e., the intent to permanently deprive the owner of property) is still a requisite element of the crime of robbery as now defined by Section 812.-13, Florida Statutes (1975).” Bell, 394 So.2d at 979. The supreme court in its holding in Bell stated: “We hold that specific intent is still a requisite element of the crime of robbery and answer the certified question in the affirmative. The decision of the district court to the contrary is quashed.” Bell, 394 So.2d at 980.
Throughout Bell, the supreme court is discussing the continued necessity of a specific criminal intent in committing the crime of larceny. The court was not discussing of what that specific intent consisted. However, when the supreme court stated that it answered the certified question in the affirmative and the certified question parenthetically included a statement regarding the intent to permanently deprive, other courts have mistakenly concluded that Bell mandated a specific intent to permanently deprive to commit the offense of larceny. See State v. Dunmann, 427 So.2d at 169. We do not agree.
To further confound the matter, we also conclude that other courts, including this court in Ball, misconstrued the supreme court’s effort in Dunmann to clarify what it had held and what it had not held in Bell. Perhaps Judge Cobb’s dissent in Baxley, which was referred to with approval in Dunmann, contains the clearest analysis of what has transpired in Florida under the amendments to our theft statutes. Clearly, “theft” in Florida now requires a specific criminal intent with an animus furandi that may be either the intent to temporarily deprive another of property or the intent to permanently deprive another of property. While the robbery statute, section 812.13, Florida Statutes (1987), was not specifically amended by the amendments which changed the definitions and elements of theft (formerly larceny), the animus furandi in the “taking” element of robbery was changed when the theft or larceny statutes were amended. Section 812.13(1) defines robbery as the taking from another by force, violence or putting in fear, of money or property which may be the subject of “larceny.” The crime of “theft” as now proscribed by section 812.-014(1), has taken the place of “larceny” as discussed above. The supreme court in Dunmann stated:
In Bell v. State, 394 So.2d 979 (Fla.1981), the third district certified a question regarding section 812.13, Florida Statutes (1975), the robbery statute, in *322 which that district court equated the intent to permanently deprive an owner of his property to the specific intent required by section 812.13. By relying on Bell and Allen, several district courts have been led to the opposite conclusion from what we reach in this opinion. See, e.g., Baxley; Dunmann; Faison; Hilty. While section 812.13 deals with a similar subject, we do not find that chapter 77-342 had an impact on that section. By the same token section 812.13 has no impact on the sections involved in this opinion. Therefore, we find Bell to have no effect on the instant case.
427 So.2d at 169.
We construe that statement of our supreme court in two ways. First, it is true that chapter 77-342, which created section 812.014(1) defining theft, did not expressly impact on section 812.13 in regard to the nature of the intent, specific or general, necessary to commit the crime. However, it is inescapable to us that in redefining larceny to be included within the “obtaining or using” that now constitutes theft, chapter 77-342 did impact by implication on the animus furandi in the nature of the taking to which the specific intent must be directed. Chapter 77-342 did, therefore, alter the elements of robbery so that the specific intent still required in a robbery may now be met by a specific intent to temporarily or permanently deprive another of his property. Second, we conclude that the statement above-quoted from Dunmann was dicta as far as it pertains to the issue before the Dunmann court and the issue before us.
We affirm appellant’s conviction for the offense of robbery. We also affirm the sentences imposed on the authority of Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990) and Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990).
Affirmed.
SCHOONOVER, C.J., and SCHEB, J., concur.
RYDER, DANAHY, LEHAN, FRANK, HALL, THREADGILL, PARKER, PATTERSON, and ALTENBERND, JJ., who participated in the en banc opinion but did not participate in oral argument, also concur.

. We may be in conflict with Green. However, ’ the statements therein with which this decision conflicts appear not to have been necessary to the resolution of that case and, as such, may be dicta.