587 So.2d 460 (1991)
Clifford DANIELS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76717.
Supreme Court of Florida.
October 10, 1991.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Anne Y. Swing, Asst. Atty. Gen., Tampa, for respondent.
*461 McDONALD, Justice.
We review Daniels v. State, 570 So.2d 319 (Fla. 2d DCA 1990), because of conflict with Green v. State, 414 So.2d 1171 (Fla. 5th DCA), review denied, 422 So.2d 842 (Fla. 1982). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and approve Daniels.
In November 1985 Daniels pled nolo contendere to a charge of delivering cannabis and received four years' probation. The following August he pled guilty to violating that probation. The court revoked Daniels' probation, adjudicated him guilty, and imposed three years' probation on the same terms as the original probation. In September 1986 the State charged Daniels and Clifford Berry with robbery with a deadly weapon. § 812.13, Fla. Stat. (1985). The court released Daniels on his own recognizance.
Both Daniels and Berry were present for jury selection the morning of November 20, 1986. When court reconvened after lunch, however, Daniels did not appear. The court found that he had voluntarily absented himself and conducted the rest of the joint trial with only Berry present. The jury convicted both men as charged, and the court sentenced Berry to nine years' imprisonment. Daniels did not appear for sentencing, but the guidelines scoresheet prepared and filed in December 1986 provided for a guidelines sentence of seven to nine years' imprisonment.
The authorities located Daniels the following summer, and, on September 18, 1987, the court sentenced him to nine years' imprisonment for the robbery conviction. By that time the State had charged Daniels with a second probation violation stemming from his 1985 delivery charge. For that second violation the court revoked the three-year probation and sentenced Daniels to five years' imprisonment, to run consecutive to the robbery sentence. The district court affirmed Daniels' conviction and sentences.
We reject Daniels' claim that his robbery conviction is illegal because his trial was conducted in his absence. Daniels voluntarily absented himself after jury voir dire, but before the jury was sworn. In State v. Melendez, 244 So.2d 137, 139 (Fla. 1971), we held that a trial begins with jury selection and an accused has a constitutional right to be present. This is a right that can be waived. Florida Rule of Criminal Procedure 3.180(b) provides that where a defendant is present at the beginning of a trial, but thereafter voluntarily absents himself from the presence of the court, the trial may proceed through verdict. We specifically hold that if a defendant voluntarily absents himself from trial after the commencement of jury selection, that defendant cannot complain of the continuation of his trial to conclusion.
As he did before the district court, Daniels argues that the trial court improperly instructed the jury that an element of robbery is the intent to deprive either permanently or temporarily. Notwithstanding Daniels' failure to object to this instruction at trial, the district court chose to consider this issue. The contemporaneous objection rule applies to jury instructions. E.g., Roman v. State, 475 So.2d 1228 (Fla. 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986); Castor v. State, 365 So.2d 701 (Fla. 1978). Because the district court decided this issue and because it is an important issue we, too, will address it.
Subsection 812.13(1) defines robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear." The criminal intent necessary for larceny is animus furandi, Long v. State, 11 Fla. 295 (1866), which means the intent to steal, Hendry v. State, 39 Fla. 235, 22 So. 647 (1897), and includes the intent to deprive. Fountain v. State, 92 Fla. 262, 109 So. 463 (1926). The essential elements of larceny are (1) the carrying away of another's property (2) with felonious intent. Long v. State, 44 Fla. 134, 32 So. 870 (1902).
This Court apparently added the element of permanent deprivation by redefining larceny as the "fraudulent taking of the *462 personal property of another without his consent, and with the intention to permanently deprive the owner of it." Groover v. State, 82 Fla. 427, 433, 90 So. 473, 475 (1921) (emphasis added). The Court took this definition from State v. Davis, 38 N.J.L. 176 (1875). The requirement of permanent deprivation, however, has never been a statutory element of larceny or robbery. E.g., § 812.021, Fla. Stat. (1975); § 5122, Rev.Gen.Stats. (1921); see Fitch v. State, 135 Fla. 361, 185 So. 435 (1938). After Groover, this Court has rather inconsistently defined larceny to include the intent to deprive, e.g., Kilbee v. State, 53 So.2d 533 (Fla. 1951); Cordell v. State, 157 Fla. 295, 25 So.2d 885 (1946), or the intent to deprive permanently, e.g., Maddox v. State, 38 So.2d 58 (Fla. 1948); Wethington v. State, 159 Fla. 670, 32 So.2d 458 (1947).
In 1977 the legislature amended chapter 812 extensively and replaced "larceny" with "theft." Ch. 77-342, Laws of Fla. Five years later the legislature revised subsection 812.014(1) as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to either temporarily or permanently:

(a) To Deprive the other person of a right to the property or a benefit therefrom.
(b) To Appropriate the property to his own use or to the use of any person not entitled thereto.
Ch. 82-164, § 1, Laws of Fla. Although the legislature did not change the word "larceny" in section 812.13, "larceny" no longer exists; "theft" has replaced it.
We have considered chapter 812 and its amendments, but have never decided the issue directly presented in this case. In Bell v. State, 394 So.2d 979, 980 (Fla. 1981), we held "that specific intent is still a requisite element of the crime of robbery." Two years later we held "that the specific intent necessary for theft is the intent to steal, not the intent to permanently deprive an owner of his property." State v. Dunmann, 427 So.2d 166, 167 (Fla. 1983). By adding the phrase "either temporarily or permanently" to subsection 812.014(1) the legislature has expressed its intent in this area, and we hold that the specific intent to commit robbery is the intent to steal, i.e., to deprive an owner of property either permanently or temporarily.
We therefore recede from the dicta in Dunmann to the effect that chapter 77-342 had no impact on section 812.13, 427 So.2d at 169, and from the parenthetical in the certified question in Bell, "(i.e., the intent to permanently deprive the owner of property)." 394 So.2d at 979. We approve Daniels and quash Green to the extent of conflict with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.