Mr. Louis F. Ray, Jr. Attorney School Board of Escambia County 15 West Main Street Pensacola, Florida 32501
Dear Mr. Ray:
This is in response to your request in your capacity as Attorney for the School Board of Escambia County for an opinion on substantially the following question:
 DOES CH. 72-537, LAWS OF FLORIDA, CONTINUE TO LIMIT THE AUTHORITY OF THE ESCAMBIA COUNTY SCHOOL BOARD, NOTWITHSTANDING THE SUBSEQUENT AMENDMENT OF s. 230.03(2), F.S., BY s. 7, CH. 83-324, LAWS OF FLORIDA, WHICH GRANTED SCHOOL BOARDS HOME RULE POWERS?
Your letter of inquiry states that the School Board of Escambia County has granted three-year contracts to certain noninstructional personnel not classified as civil service employees under Ch. 67-1370, Laws of Florida. In a recent audit, the State Auditor General criticized this practice as contrary to Ch. 72-537, Laws of Florida. Your inquiry questions the validity or applicability of Ch. 72-537 as it relates to the powers of your school board. For the following reasons, it is my opinion that your question should be answered in the negative.
Section 230.03(2), F.S., currently provides: "SCHOOL BOARD. — In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." (e.s.) Section 7 of Ch. 83-324, Laws of Florida, deleted the language contained in s. 230.03(2), F.S. 1981, which stated that district school boards may exercise any power "for educational purposes except as otherwise provided by the State Constitution or law" and added the language "except as expressly prohibited by the State Constitution or general law." (e.s.) Since the issuance of AGO 83-72, it has been the position of this office that the 1983 amendment conferred on school boards a variant of "home-rule power," and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the State Constitution or general law. See also, AGO's 84-95, 84-58. Section 1, Ch. 72-537, Laws of Florida, a special law,[1] limited the term of written employment contracts between your school board and "non-instructional personnel of the district school system, who are not classified employees under chapter 67-1370, Laws of Florida, as amended, for periods not to exceed two years." (e.s.) However, the express language of s. 230.03(2), F.S., as amended, provides that only general law and state constitutional law operate as limitations on a district school board's exercise of s. 230.03, F.S. powers. Since Ch. 72-537 is a special law and not a general law, I am of the opinion that it no longer acts as a limitation on the authority of the School Board of Escambia County.
Moreover, those provisions of Ch. 72-537, Laws of Florida, in conflict with s. 230.03(2), F.S., have apparently been repealed by implication, as of the effective date of s. 7 of Ch. 83-324, Laws of Florida, which was July 1, 1983. See, s. 34 of Ch. 83-324; DeBolt v. Department of Health and Rehabilitative Services,427 So.2d 221 (1 D.C.A. Fla., 1983); Oldham v. Rooks, 361 So.2d 140
(Fla. 1978) (even though repeals by implication are not favored, when a specific statute conflicts with a more general statute that expresses legislative intent to achieve a complete revision of the law on a subject, the more specific and earlier act stands repealed by implication). Sutherland, Statutes and Statutory Construction, Vol. 1A, ss. 23.09, 23.10 (presumption against implied repeals overcome by showing that two acts are so irreconcilable and inconsistent that they cannot operate concurrently).
I note, however, that the above-referenced critical audit report was for the fiscal years ending June 30, 1983 and June 30, 1984. In regard to the former, I must advise you that prior to the effective date of the 1983 amendments to s. 230.03(2), F.S. (which was July 1, 1983, the day after the end of the 1982-1983 fiscal year) the provisions of s. 2 of Ch. 72-537 would still have been operative and the two-year limitation on written employment contracts with those noninstructional personnel stipulated therein still applied. However, it is not the province of this office to conclude that any of such employment contracts were improperly executed; that determination must be made, if at all, by the courts. See, AGO 84-58.
In summary, it is my opinion that
 (1) limitations on the power of the Escambia County School Board, contained in Ch. 72-537, Laws of Florida, a special law, are no longer operative since the amendment of s. 230.03(2), F.S., effective July 1, 1983, expressly provides that only general law and state constitutional law provisions limit a district school board's exercise of s. 230.03(2) "home rule" powers;
 (2) any question as to the legality of the contracts executed for the fiscal year prior to the effective date of the 1983 amendments to s. 230.03(2), F.S., must be resolved by the courts.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] Contained in Laws of Florida, 1972, Vol. 2, Special Acts, Regular Session; see, e.g., Carter v. Norman, 38 So.2d 30
(Fla. 1948); AGO 55-89, Biennial Report of the Attorney General 1955-1956.