361 So.2d 140 (1978)
Gordon G. OLDHAM, Jr., State Attorney of the Fifth Judicial Circuit, Appellant,
v.
Ralph F. ROOKS, Appellee.
No. 48034.
Supreme Court of Florida.
July 20, 1978.
Robert L. Shevin, Atty. Gen., and Mary Jo Carpenter and Charles W. Musgrove, Tallahassee, and Richard G. Pippinger, Tampa, Asst. Attys. Gen., for appellant.
Gary E. Wagner, of Bradshaw, Wagner & Mountjoy, Inverness, for appellee.
SUNDBERG, Justice.
The instant cause is an interlocutory appeal from the Circuit Court of Citrus County which held Section 839.07, Florida Statutes (1973),[1] unconstitutional. We accept jurisdiction and treat the interlocutory appeal as a petition for writ of certiorari pursuant to Article V, Section 3(b)(3), Florida Constitution. Burnsed v. Seaboard Coastline Railroad Co., 290 So.2d 13 (Fla. 1974).
On October 16, 1973, appellee, Rooks, a county commissioner, participated in a meeting of the Board of County Commissioners, where sealed bids for material were considered. King Roberts Asphalt & Pavement, Inc., a Florida corporation, was the low bidder for certain sand seal material and asphaltic concrete material. By unanimous vote these two bids were awarded to this corporation. Rooks owned less than 10 percent of the capital stock of the corporation.
On February 2, 1974, the Board of County Commissioners considered sealed bids for contract road work. Allen Contracting and Paving, Inc., was the low bidder for paving on certain roadways. The board voted *141 unanimously in favor of awarding the contract to this company. Rooks owned less than 10 percent of the capital stock of this company.
The state attorney of the circuit advised Rooks by letter that he intended to file an information charging Rooks with a violation of Chapter 839, Florida Statutes. Rooks immediately filed a complaint seeking an injunction on the ground that Section 839.07, Florida Statutes (1973), was unconstitutional. He alleged that if an information were filed by the state attorney the Governor would remove Rooks from his official office as county commissioner; that Rooks would be suspended from his profession as a real estate broker by the Florida Real Estate Commission; and that his minority stock ownership in the involved corporation would be placed in jeopardy.
The trial court, after an evidentiary hearing, entered an order declaring the statute unconstitutional, but reserved ruling on Rooks' application for a restraining order pending receipt of memorandum of law from each party pertaining to the question of whether the court has the right to enjoin the filing of the information. This interlocutory appeal resulted.
Rooks says the statute under attack was in direct conflict with Section 286.012, Florida Statutes (1973), which reads as follows:
No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act, and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is or appears to be a possible conflict of interest under the provisions of § 112.311, § 112.313, § 112.314, § 112.315 or § 112.316. In such cases said member shall comply with the disclosure requirements of § 112.313. (Emphasis supplied)
The provisions of Chapter 112, Florida Statutes, referred to are the standards of conduct for public officers and employees. Section 112.314(1), Florida Statutes (1973), reads as follows:
No officer or employee of a state agency or of a county, city, or other political subdivision of the state shall transact any business in his official capacity with any business entity of which he is an officer, director, agent, or member or in which he owns a controlling interest.
"Controlling interest" means ownership, directly or indirectly, of 10 percent or more of the outstanding capital stock in a corporation. Section 112.312(3), Florida Statutes (1973).
Rooks says he was literally "between the rock and the hard place." Under Section 286.012, Florida Statutes (1973), he was required to vote because he owned less than 10 percent of the capital stock in the corporation. On the other hand, under Section 839.07, Florida Statutes (1973), it was unlawful for him to vote if he were "in any way interested" in the contract awarded to the corporation. The state recognizes the conflict but says that Rooks need only enter a vote against the awarding of the contract to the company in order to reconcile the application of the two statutes. The State further says that a negative vote would not make the commissioner a party to the letting of the contract for the purposes of Section 839.07, Florida Statutes (1973). The fact that Rooks registered a vote would place him in compliance with Section 286.012, Florida Statutes (1973).
While we affirm the result reached by the trial court in its order, we find it unnecessary to reach the question of whether Section 839.07, Florida Statutes (1973), is unconstitutional because it is our view that the statute was repealed by implication by Sections 112.312(3) and 112.314(1), Florida Statutes (1973). Because there are other grounds which support our judgment and dispose of the issues presented, we will not decide this cause on constitutional grounds. Singletary v. State, 322 So.2d 551 (Fla. 1975); Metropolitan Dade County Transit Authority v. State Department of Highway Safety and Motor Vehicles, 283 So.2d 99 *142 (Fla. 1973). This well-established principle is particularly applicable where this Court has recently ruled Section 839.07, Florida Statutes (1973), constitutional, albeit on a different ground of attack. State v. Dinsmore, 308 So.2d 32 (Fla. 1975).
Section 839.07 was enacted by the legislature in 1891 [Chapter 4020, Laws of Florida (1891)] and has remained in force essentially unchanged until the present day. The only amendment to the law occurred in 1971 which amendment was part of an act designed to reclassify criminal penalties generally. See Section 1017, Chapter 71-136, Laws of Florida. The significance of the amendment was to reclassify the penalty for violation of the statute from a maximum term of one year imprisonment in the county jail or a fine of $500 to a maximum term of one year imprisonment and/or a fine of $1,000.
Sections 112.312(3) and 112.314(1) find their origin in Chapter 67-469, Laws of Florida. Section 112.312(3) defining "controlling interest" remained unchanged until 1974 when it was substantially amended by Chapter 74-177, Laws of Florida. Section 112.314(1) was amended by Chapter 69-335, Laws of Florida, to add officers and employees "of a county, city or other political subdivision of the state" within its purview. Other pertinent sections of Part III, Chapter 112, were also amended by Chapter 69-335 to make the law applicable to officers and employees of counties, cities and other political subdivisions of the State as well as officers and employees of a state agency who were encompassed within the original legislation.
Also relevant to the issue here presented was the amendment in 1970 to Section 112.317, Florida Statutes (1969), dealing with violations of any provision of Part III, Chapter 112, Florida Statutes. By Chapter 70-144, Laws of Florida, the criminal penalty of fine not exceeding $1,000 or imprisonment not exceeding one year was added to the civil sanctions for violation of any provision of Part III, Chapter 112. As originally enacted and until 1970, the sanctions included dismissal from employment, removal from office, "or other penalty as provided by law." Section 7, Chapter 67-469, Laws of Florida.
As originally enacted and as amended to include officers and employees of counties, cities and other political subdivisions of the State, the declared legislative policy of Part III, Chapter 112, Florida Statutes, was:
Section 1. Declaration of policy.  It is hereby declared to be the policy of the legislature that no officer or employee of a state agency, and no member of the legislature or legislative employee, shall have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement such policy and to strengthen the faith and confidence of the people of Florida in their government, there is herein enacted a code of ethics setting forth standards of conduct to be observed by state officers and employees in the performance of their official duties. It is the intent of the legislature that this code shall serve not only as a guide for official conduct of the state's public servants but also as a basis for discipline of those [sic] violate the provisions of this act.
Section 1, Chapter 67-469, Laws of Florida.
It is apparent that by Chapter 67-469, Laws of Florida, the legislature intended to deal pervasively with the subject matter of conflict between the official duties and private interests of public officials and employees. Section 839.07, Florida Statutes (1973), deals with this very subject matter although not in as broad terms because it is limited to public works contracts, whereas Section 112.314(1), Florida Statutes (1973), proscribes the transaction of "any business in his official capacity with any business entity of which he [the public official or employee] is an officer, director, agent, or member or in which he owns a controlling interest [10% or more]." (Emphasis supplied)
*143 There is a general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than have the former repealed by implication. City of Punta Gorda v. McSmith, Inc., 294 So.2d 27 (Fla. 2d DCA 1974); State Department of Public Welfare v. Galilean Children's Home, 102 So.2d 388 (Fla. 2d DCA 1958); accord, State ex rel. Myers v. Cone, 139 Fla. 437, 190 So. 698 (1939). Nevertheless, when the legislature makes a complete revision of a subject it serves as an implied repeal of earlier acts dealing with the same subject unless an intent to the contrary is shown. Orange City Water Co. v. Town of Orange City, 255 So.2d 257 (Fla. 1971); State v. Newell, 85 So.2d 124 (Fla. 1956); Brevard County v. Board of Public Instruction of Brevard County, 159 Fla. 869, 33 So.2d 54 (1947). It could be argued that there was a continued field of operation for Section 839.07, Florida Statutes (1973), after enactment of Chapter 67-469, Laws of Florida, because the former imposed criminal penalties for selfdealing by public officials and employees whereas the latter did not. However, with the amendment of Part III, Chapter 112, Florida Statutes, by Chapter 70-144, Laws of Florida, adding criminal penalties, any espoused vitality for Section 839.07 disappeared and a real repugnancy between Section 112.314(1) and that statute occurred. Consequently, we conclude that as of October 1, 1970 (the effective date of Chapter 70-144), there can be no question of the implied repeal of Section 839.07, Florida Statutes (1973).
This conclusion is unaffected by the amendment to Section 839.07 in 1971. As a general rule of statutory construction, an act amending a section of an act repealed, even by implication, is void. State v. Holt, 121 Mont. 459, 194 P.2d 651 (1948). Although the Holt case was decided under Montana's nonrevival statute the opinion relies upon Ex Parte Naegele, 70 Mont. 129, 224 P. 269 (1924), which latter opinion concludes that the common law rule is in accord.
A refinement of the rule enunciated in Holt, supra, appears to be that if the language intended to be inserted in a repealed statute, when read alone, has a clear and definite meaning, it will be treated as a valid and effective act. Mayor and Council of Wilmington v. State, 5 Terry 332, 44 Del. 332, 57 A.2d 70 (1947); State of Maine v. Taplin, 247 A.2d 919 (Me. 1968). Even applying this refinement, the amendment reclassifying the penalty for violating the provisions of Section 839.07, Florida Statutes, is not sufficiently complete, standing alone, to revitalize that statute.
The conclusion that Section 839.07, Florida Statutes (1973), was impliedly repealed and not revived in 1971 is buttressed by the fact that Section 286.012, Florida Statutes (1973), was enacted in 1972 as Chapter 72-311, Laws of Florida. A review of Section 286.012 discloses no reference to Section 839.07. If it retained any vitality in the mind of the legislature after the passage of Chapter 70-144, it seems unreasonable that Section 839.07, Florida Statutes (1973), would not have been referred to in Section 286.012 which catalogued the conflict of interest statutes.
Accordingly, we hold that Section 839.07, Florida Statutes (1973), is void as having been repealed by implication. For this reason, the order of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] § 839.07, Fla. Stat. (1973), reads as follows:

"It is unlawful for any commissioned or other officer of this state, or for any officer elected or otherwise of any county or incorporated town or city therein, to bid or enter into, or be in any way interested in, a contract for the working of any public road or street, the construction or building of any bridge, the erecting or building of any house, or for the performance of any other public work in which the said officer was a party to the letting, and any person who violates the provisions of this section shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."