407 So.2d 1021 (1981)
STATE of Florida, Appellant,
v.
Jay Russell McNEILL, Appellee.
No. 81-642.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
Rehearing Denied January 27, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Michael J. Dunleavy of Law Offices of Dunleavy & Trick, Fort Lauderdale, for appellee.
*1022 HERSEY, Judge.
The state appeals from an order dismissing an Information in which it was charged that appellee
did ... unlawfully use, or endeavor to use the property of Daniel Salvatore, to-wit: a 1973 Red Ford Truck motor vehicle, with the intent to appropriate the property to his own use or to the use of any person not entitled thereto, knowing or having reason to know said property was stolen, contrary to F.S. § 812.014(1)(b), and F.S. § 812.014(2)(b) (emphasis added).
The state contended below and maintains here that the crime charged under the omnibus "Theft" statute is possession of stolen property rather than common law larceny.
Dismissal was based upon failure to include an allegation that there was specific intent to permanently deprive the victim of his property.
Under Section 812.014(1), Florida Statutes (1979), the actual taking or theft of property is defined as obtaining the property with a specific criminal intent. The intent required for the crime of theft is a) to deprive the person from whom the property is taken of a right to that property or a benefit therefrom or b) to appropriate the property to the use of one other than the person entitled thereto.
Prior to the enactment of Section 812.014, larceny was defined in Section 812.021, Florida Statutes (1975), as the taking of property from a person "with the intent to unlawfully deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker or of any other person."
In comparing the two statutes, it is apparent that the only difference in the definitions of the requisite intent is the deletion in Section 812.014 of the word "unlawfully." As held in State v. Allen, 362 So.2d 10 (Fla. 1978), this omission does not alter the specific criminal intent required. Accordingly, under both statutes, an intent to appropriate property to the use of one other than the owner is equated with the unlawful intent to deprive the owner of his property. Apparently to the contrary is Faisan v. State, 390 So.2d 728 (Fla. 5th DCA 1980) in which, on rehearing, the court narrowly defined the intent required by Allen and Bell v. State, 394 So.2d 979 (Fla. 1981) as the intent to permanently deprive the owner of property. Neither Allen nor Bell so narrowly define the required intent. Rather, Allen concluded only that the legislature had not eliminated specific criminal intent from Section 812.014 and Bell held that specific intent is still a requisite element of the crime of robbery. See, also, Baxley v. State (Fla. 5th DCA Case No. 79-36, opinion filed November 25, 1981).
Section 812.014 now encompasses not only the actual theft of property but also the crime of possession of stolen property. State v. Lewis, 364 So.2d 1223 (Fla. 1978); State v. Houck, 374 So.2d 86 (Fla. 4th DCA 1979). Under the statute it is a crime for one to use the property of another "with the intent to appropriate the property to his own use or the use of any person not entitled thereto." Therefore, an Information, as the one in the present case, containing allegations of these elements sufficiently charges the crime, including its required specific intent. We note that the Information here also correctly contains the allegation necessary to a charge of possession of stolen property that defendant knew or had reason to know the property was stolen. State v. Houck, 374 So.2d 86 (Fla. 4th DCA 1979).
Accordingly, we reverse and remand with instructions to reinstate the Information, and for further appropriate proceedings.
REVERSED AND REMANDED.
ANSTEAD and DELL, JJ., concur.