427 So.2d 166 (1983)
STATE of Florida, Petitioner,
v.
Kevin J. DUNMANN, Respondent.
STATE of Florida, Petitioner,
v.
Burnice C. BAXLEY, et al., Respondents.
Nos. 61482, 61483.
Supreme Court of Florida.
January 6, 1983.
Rehearing Denied March 11, 1983.
Jim Smith, Atty. Gen. and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for respondents.
McDONALD, Justice.
The state has petitioned for review of Baxley v. State, 411 So.2d 194 (Fla. 5th DCA 1981), and Dunmann v. State, 410 So.2d 932 (Fla. 5th DCA 1981), because of conflict with State v. McNeill, 407 So.2d 1021 (Fla. 4th DCA 1981). We have jurisdiction *167 pursuant to article V, section 3(b)(3), Florida Constitution, and quash Baxley and Dunmann.
The state charged Burnice Baxley, Danny Lee Harvey, Frederick Hazelwood, Glenn Barna, Andre Taylor, and Kevin Dunmann with separate unrelated counts of grand theft second degree of a motor vehicle in violation of section 812.014, Florida Statutes (1977 & 1979). The informations uniformly charged that the defendants did "knowingly obtain or use or endeavor to obtain or use a motor vehicle, ... with the intent to deprive the said owner or custodian of a right to the property or a benefit therefrom, and to appropriate the property to his own use or to the use of a person not entitled thereto." All of these defendants except Dunmann filed motions to dismiss, claiming that the informations' failure to allege the intent to permanently deprive the owner of his property rendered them fatally defective. The trial courts denied these motions, and all of these defendants but Dunmann pled nolo contendere, reserving the right to appeal the denials of the motions to dismiss. Dunmann went to trial, and a jury found him guilty as charged.
On the state's motion the district court consolidated the appeals of Baxley, Harvey, Hazelwood, Barna, and Taylor. Sitting en banc, the district court followed its previous decision in Faison v. State, 390 So.2d 728 (Fla. 5th DCA 1980), and held that the intent to permanently deprive the owner of his property is a requisite element of section 812.014. The court, with Judge Cobb dissenting, then reversed the trial courts' rulings and in a separate opinion reversed Dunmann's conviction on the authority of Baxley.
In State v. McNeill, on the other hand, the fourth district ruled the opposite way when faced with the identical problem. An information charged that McNeill "`did ... unlawfully use, or endeavor to use'" a motor vehicle "`with the intent to appropriate the property to his own use or to the use of any person not entitled thereto.'" 407 So.2d at 1022. The trial court dismissed the information for failing to allege the specific intent to permanently deprive the victim of his property. The fourth district reversed and in comparing section 812.014 with former section 812.021, Florida Statutes (1975), relied on State v. Allen, 362 So.2d 10 (Fla. 1978), in holding that, although specific criminal intent must be alleged in charging a crime under section 812.014, the intent to permanently deprive is not the specific intent intended by the legislature. We find that the fourth district in McNeill has reached the correct result.
The questions presented by these cases are: (1) whether the omnibus theft statute, chapter 77-342, Laws of Florida (codified as the Florida Anti-Fencing Act, sections 812.012  812.037, Florida Statutes), repealed by implication section 812.041; and (2) whether the legislature meant to dispense with the element of intent to permanently deprive an owner of his property. We find that chapter 77-342 did repeal section 812.041 by implication and that the specific intent necessary for theft is the intent to steal, not the intent to permanently deprive an owner of his property.
Subsection (1) of section 812.014 provides:
A person is guilty of theft if he obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
"Obtains or uses" is defined as "any manner of: (a) Taking or exercising control over property [or] (b) Making any unauthorized use, disposition, or transfer of property." § 812.012(2), Fla. Stat. (1977) (emphasis supplied). In contrast to the above-quoted portions of sections 812.014 and 812.012, however, section 812.041, Florida Statutes (1977), purports to deal with the unauthorized temporary use of motor vehicles, aircraft, and boats and provides as follows:
(1) Any person who temporarily uses any motor vehicle, aircraft, boat, or boat motor without the authority of the owner or his representative, or who shall knowingly *168 be a party to such unauthorized use, shall, upon conviction, be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Nothing in this section shall be construed to apply to any case in which the taking of the property of another is with intent to steal the same or in which the taking is under a claim of right or with the presumed consent of the owner or other person having the legal control, care, or custody of the same.
Thus, section 812.041, the so-called "joy-riding statute," pertains to temporary unauthorized use, while sections 812.014 and 812.012 pertain to any unauthorized use. By the bare language of these sections, therefore, either sections 812.014 and 812.012 must be interpreted narrowly in order to give section 812.041 a field of operation or else we must hold that section 812.041 has been repealed by implication.
A repeal by implication is not favored. As this Court has previously stated:
While statutes may be impliedly as well as expressly repealed, yet the enactment of a statute does not operate to repeal by implication prior statutes unless such is clearly the legislative intent. An intent to repeal prior statutes or portions thereof may be made apparent when there is a positive and irreconcilable repugnancy between the provisions of a later enactment and those of prior existing statutes. But the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute. If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should each be given the effect designed for them unless a contrary intent clearly appears.
State v. Gadsden County, 63 Fla. 620, 629, 58 So. 232, 235 (1912). There is also a general presumption that the legislature passes statutes with knowledge of prior existing laws. Oldham v. Rooks, 361 So.2d 140 (Fla. 1978). On the other hand, the last expression of the legislature will prevail in case of conflicting statutes. Albury v. City of Jacksonville Beach, 295 So.2d 297 (Fla. 1974). "A general statute covering an entire subject-matter, and manifestly designed to embrace all the regulations of the subject, may supersede a former statute covering a portion only of the subject, when such is the manifest intent... ." Sparkman v. State ex rel. Bank of Ybor City, 71 Fla. 210, 228, 71 So. 34, 39 (1916). Moreover, "when the legislature makes a complete revision of a subject it serves as an implied repeal of earlier acts dealing with the same subject unless an intent to the contrary is shown." 361 So.2d at 143.
Intent of the legislature, therefore, is what guides a court in determining whether a repeal has been effected by implication. That is, we must ascertain whether the legislature expressed its intent as to a new statute's preempting an entire area of the law or whether the legislature meant an existing law to remain in effect regardless of a new statute which might appear to infringe on the scope of the former. Our analysis of the statutes involved here leads us to conclude that chapter 77-342, Laws of Florida, from which sections 812.014 and 812.012 are derived, repealed section 812.041 by implication.
Chapter 77-342, codified as sections 812.012  812.037, is an omnibus theft act and is entitled the "Florida Anti-Fencing Act." Ch. 77-342, § 2, Laws of Fla. Despite its narrow title, the act encompasses more than just trafficking in stolen property. Roush v. State, 413 So.2d 15 (Fla. 1982). As part of its title, chapter 77-342 states that it prescribes the "acts that constitute the offense of theft." Section 16 of chapter 77-342 repealed the former larceny statute, and the broad definition of "obtains or uses" as "any unauthorized use" leads us to conclude that the enactment of chapter 77-342 has left section 812.041 with no valid field of operation.[*]
*169 The intent to permanently deprive an owner of property has previously been recognized as an element of larceny. American Fire & Casualty Co. v. Sunny South Aircraft Service, Inc., 151 So.2d 276 (Fla. 1963); Hilty v. State, 386 So.2d 1236 (Fla. 2d DCA 1980), review denied, 392 So.2d 1379 (Fla. 1981). Indeed, the intent to permanently deprive has been noted as the distinction between larceny of an automobile and the temporary unauthorized use of such a vehicle. Austin v. Wainwright, 305 So.2d 845 (Fla. 4th DCA 1975); Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla. 1975).
It is well established, however, that the legislature has the power to dispense with intent as an element of a crime and to prescribe punishment without regard to the mental attitude of an accused. As this Court has previously stated:
It is within the power of the Legislature to declare an act a crime regardless of the intent or knowledge of the violation thereof. The doing of the act inhibited by the statute makes the crime and moral turpitude or purity of motive and the knowledge or ignorance of its criminal character are immaterial circumstances in the question of guilt.
Coleman v. State ex rel. Jackson, 140 Fla. 772, 776, 193 So. 84, 86 (1939). In general
acts prohibited by statute (statutory as distinguished from common law crimes) need not be accompanied by a criminal intent, unless such intent be specifically required by the statute itself, as the doing of the act furnishes such intent.
La Russa v. State, 142 Fla. 504, 509, 196 So. 302, 304 (1940) (emphasis supplied); State v. Medlin, 273 So.2d 394 (Fla. 1973).
In State v. Allen, 362 So.2d 10 (Fla. 1978), this Court looked at the 1977 legislature's failure to include the word "unlawful" in the newly enacted subsection 812.014(1). We held that "unlawful" must be read into the statute because we could find no indication that the legislature intended to eliminate specific criminal intent as an element of the offense proscribed by section 812.014. We did not, however, define the requisite specific intent. The instant cases present us with the opportunity to do so. We agree with the state that, due to the broad language of sections 812.014 and 812.012, the intent meant by subsection 812.014(1) is the intent to deprive, not the intent to permanently deprive. Judge Cobb in his dissent to Baxley and the fourth district in McNeill have also reached this conclusion, and we approve McNeill.
In Bell v. State, 394 So.2d 979 (Fla. 1981), the third district certified a question regarding section 812.13, Florida Statutes (1975), the robbery statute, in which that district court equated the intent to permanently deprive an owner of his property to the specific intent required by section 812.13. By relying on Bell and Allen, several district courts have been led to the opposite conclusion from what we reach in this opinion. See, e.g., Baxley; Dunmann; Faison; Hilty. While section 812.13 deals with a similar subject, we do not find that chapter 77-342 had an impact on that section. By the same token section 812.13 has no impact on the sections involved in this opinion. Therefore, we find Bell to have no effect on the instant case.
We quash Baxley and Dunmann and remand for the district court to issue orders consistent with this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
NOTES
[*] Although we do not rely on this in reaching the instant conclusion, we note that the 1982 legislature amended § 812.014(1) to provide for intent to deprive either permanently or temporarily and repealed § 812.041. Ch. 82-164, §§ 1, 2, Laws of Fla. The fifth district has recognized the changes made by ch. 82-164 in Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982).