461 So.2d 1010 (1984)
Richard WILLIAMS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-218.
District Court of Appeal of Florida, Fifth District.
December 27, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Williams appeals from convictions and sentences for burglary of a conveyance,[1] and petit theft.[2] He argues that his petit theft conviction should not have been aggravated pursuant to section 812.014(2)(c), Florida Statutes (1983)[3] by a conviction obtained prior to sentencing in this case because the criminal acts took place after those involved in this case. He also argues that the trial court erred in refusing to give *1011 a requested instruction on trespass to a conveyance.[4]
We think the trial judge properly aggravated Williams' petit theft sentence under section 812.014(2)(c).[5] Williams committed the theft involved in this case on May 21, 1983. He had been convicted of petit theft on December 27, 1982, which he agrees was properly considered. However, the second "prior" petit theft conviction was obtained on September 21, 1983, for criminal acts Williams performed after those involved in this case. We do not think the respective dates when the thefts occurred are controlling in this context,[6] so long as a conviction was obtained for the later theft before sentencing in this case. See Daugherty v. State, 419 So.2d 1067 (Fla. 1982); Ruffin v. State, 397 So.2d 277 (Fla. 1981). Therefore, we affirm his conviction and sentence for petit theft.
However, Williams' second point on appeal mandates reversal. The defense requested the giving of an instruction on trespass as a necessarily lesser included offense of burglary of a conveyance. Trespass is a necessarily included offense of burglary.[7] As it is but one step removed from the burglary offense, failure to give it is reversible error. State v. Abreau, 363 So.2d 1063 (Fla. 1978); Brown v. State, 206 So.2d 377 (Fla. 1968); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984). The rationale is apparently to preserve the jury's inherent pardon power, and therefore the harmless error rule does not apply. State v. Bruns, 429 So.2d 307 (Fla. 1983). Consequently, we have no choice in this case but to reverse Williams' conviction for burglary and remand for a new trial.
AFFIRMED IN PART; REVERSED IN PART.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] §§ 810.02(1); 810.02(3) & 810.07, Fla. Stat. (1983).
[2] § 812.014(1)(a)(b), Fla. Stat. (1983).
[3] Section 812.014(2)(c) provides:

Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
[4] § 810.08, Fla. Stat. (1983).
[5] Williams does not contest that a prior petit theft conviction obtained on December 27, 1982 was properly used to aggravate the sentence.
[6] We do not think that Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984) and Shead v. State, 367 So.2d 264 (Fla. 3rd DCA 1979), are on point because those cases involved interpretations of the habitual offender statute. § 775.084, Fla. Stat. (1983). The language of that statute makes the timing of the commission of a criminal act, as well as the date of conviction for it, significant factors. Section 812.014 simply speaks in terms of prior convictions.
[7] Macek v. State, 409 So.2d 107 (Fla. 4th DCA 1982); R.R. v. State, 397 So.2d 1051 (Fla. 4th DCA 1981). In the present Schedule of Lesser Included Offenses attached to the Florida Standard Jury Instructions trespass is a Category I or necessarily lesser included offense of burglary. Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Florida Standard Jury Instructions in Criminal Cases (1981 ed.) at 264.