UPCHURCH, Judge.
Gary Palmer appeals a judgment and sentence for burglary of a dwelling and petit theft.
Palmer was charged with grand theft and burglary of a dwelling. At the charge conference he sought to have the jury instructed as to the necessarily lesser included offenses of petit theft, burglary of a structure and trespass of a structure. The court gave the instruction on petit theft, but refused an instruction on burglary of a structure and trespass of a structure. The jury returned a verdict finding Palmer guilty of burglary of a dwelling and petit theft.
The first question on appeal was whether the court erred in denying a request for jury instructions on the lesser included offenses.
Florida Rule of Criminal Procedure 3.510 provides in relevant part:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
* * * * * *
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
This rule has been interpreted to eliminate the need to instruct on a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense, but the jury must be instructed on necessarily lesser included offenses regardless of the evidence. In Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.1981). See Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984); Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984), rev. den., 462 So.2d 1108 (Fla.1985); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984).
Palmer contends that the court’s refusal to instruct on burglary of a structure and trespass as necessarily lesser included offenses constitutes per se reversible error under State v. Abreau, 363 So.2d 1063 (Fla.1978). Recently this court has held that, upon request, the defendants were entitled to an instruction on a necessarily lesser included offense, although the trial court found that there was a total lack of evidence to support the lesser offense. Thompson v. State, 487 So.2d 311 (Fla. 5th *228 DCA 1986). See also Brown v. State, 206 So.2d 377 (Fla.1968).
In this instance, however, we conclude that the trial court was correct in denying the instructions. Palmer, by written stipulation with the state, agreed “[t]hat there is no dispute as to a burglary actually having taken place at the residence of Glenn Cole, which is located in Seminole County, Florida, and that something of value was taken.” In hindsight, Palmer’s reason for this stipulation may not seem prudent, however, by making it he prevented the jury from determining whether the dwelling was a structure. Since he agreed that a dwelling was burglarized, it was not necessary for the court to instruct on burglary of a structure.
As to an instruction on trespass of a structure, this court has held that trespass of a structure is a necessarily lesser included offense of burglary and, since it is but one step removed from burglary, ordinarily, failure to instruct upon it would be reversible error, Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984). This requirement was waived by defendant’s stipulation that a burglary took place. We therefore affirm the conviction.
The next question is whether the trial court erred in departing from the guidelines presumptive sentence. The reasons stated by the court were “[pjrior criminal history and timing of offenses.” Prior history is impermissible under Hendrix v. State, 475 So.2d 1218 (Fla.1985). Timing of offenses, which is not scored in the score-sheet, is still a valid reason for departure. Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985). See also Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986). However, when the court uses a check list[1] of reasons to depart, the reasons selected must relate to facts and circumstances of the crime in question. Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985); Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985). In the instant case, the court failed to state in writing how the “timing of the offenses” related to the facts revealed at trial.
The state contends no error exists because two recent convictions were not included on the scoresheet. The state claims that if these convictions had been scored, appellant’s guideline sentence would fall in the same range as the departure sentence. Additionally, the state claims the offenses could be a valid reason for departure because they were not included in the score-sheet under Weems v. State, 469 So.2d 128 (Fla.1985). We disagree with the state and decline to consider these convictions since they were not mentioned as a reason for departing or included in the scoresheet. Therefore, we must vacate the sentence and remand for resentencing. The trial court upon remand is not precluded from scoring these additional convictions or using them as reasons for departure, if they properly qualify.
Conviction affirmed; sentence vacated and remanded for resentencing.
COBB, C.J., and COWART, J., concur.

. The reasons for departure were suggested by the state.