To: Sara M. Fotopulos Chief Counsel Hillsborough County Environmental Protection Commission
QUESTION:
May rules and regulations of the Hillsborough County Environmental Protection Commission require the issuance of a permit by the environmental director to construct, alter, expand or operate installations or plants which may emit or discharge pollutants or contaminants?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, rules and regulations of the Hillsborough County Environmental Protection Commission may require the issuance of a permit by the environmental director to construct, alter, expand or operate installations or plants which may emit or discharge pollutants or contaminants.
The Hillsborough County Environmental Protection Commission (hereafter, "HCEPC") was created and established by ch. 84-446, Laws of Florida, the "Hillsborough County Environmental Protection Act," a special act which expressly repealed certain prior provisions of law relating to environmental protection in Hillsborough County. See s. 24, ch. 84-446, supra, repealing chs. 67-1504, 69-1149, 71-681, 72-563 and 73-496, Laws of Florida. Section 2, ch. 84-446, supra, provides in pertinent part that the intent and purpose of the Legislature in enacting the law is
 to designate the board of county commissioners as the environmental protection commission of Hillsborough County to provide and maintain for the citizens and visitors of said county standards which will insure the purity of all waters consistent with public health and public enjoyment thereof, the propagation and protection of wildlife, birds, game, fish, and other aquatic life and atmospheric purity and freedom of the air from contaminants or synergistic agents injurious to human, plant, or animal life and excessive and unnecessary noise, which unreasonably interfere with comfortable enjoyment of life or property or the conduct of business.
In furtherance of such legislatively declared intent and purpose, s. 11, ch. 84-446, supra, provides as follows:
 Permits may be required. — The commission may adopt rules and regulations making it unlawful for any person to construct, alter, expand or operate any installation or plant which, through its operation or maintenance, may emit, discharge or permit to escape pollutants or contaminants into the air, water, soil or property without first obtaining a permit from the environmental director as may be provided by such rules and regulations. Commencing construction or operation under such permit to construct or to operate shall be deemed acceptance of all of the conditions so specified.
Your question arises in light of s. 403.182(2), F.S., which provides that the Department of Environmental Regulation "shall have the exclusive authority and power to require and issue permits; provided, however, that the department may delegate its power and authority to local pollution control organizations if the department finds it necessary or desirable to do so." Cf. s.403.061(14), F.S., providing that it is the power and duty of the Department of Environmental Regulation to "[e]stablish a permit system whereby a permit may be required for the operation, construction, or expansion of any installation that may be a source of air or water pollution and provide for the issuance and revocation of such permits and for the posting of an appropriate bond to operate." You have expressly stated in your inquiry that the HCEPC is not questioning any power or authority it might have to require and issue permits pursuant to delegation of such authority to the HCEPC by the Department of Environmental Regulation. Moreover, the department has advised this office that any agreement between the department and the HCEPC with respect to such delegation does not relate to or control the response to your question as posed herein.
Section 403.182(8), F.S., expressly provides in pertinent part that "[n]othing in this act shall prevent any local pollution control program from enforcing its own rules, regulations, or orders." See also s. 403.182(1), F.S. ("[a]ll local pollution control programs, whether established before or after the effective date of this act, must" comply with provisions of s.403.182[1][a]-[d], F.S., including, inter alia, approval by Department of Environmental Regulation and provision for enforcement of "requirements compatible with, or stricter or more extensive than those imposed by this act and regulations issued thereunder"). Section 403.182(2), F.S., providing for "exclusive authority and power" of the Department of Environmental Regulation to require and issue permits, was enacted as part of s. 19, ch. 67-436, Laws of Florida, which originally created those provisions embodied in subsections (1) through (5) of s. 403.182, F.S. Section 403.182(8) is derived from s. 2 of ch. 73-256, Laws of Florida. Thus, s. 403.182(2) and (8) was a part of existing general law at the time ch. 84-446, Laws of Florida, was enacted.
It is presumed that the Legislature was aware of existing law when it enacted ch. 84-446, Laws of Florida, and included therein the provision that the HCEPC may adopt rules and regulations making it unlawful to construct, alter, expand or operate installations or plants which may emit or discharge pollutants or contaminants without a permit therefor from the environmental director. See State v. Dunmann, 427 So.2d 166 (Fla. 1983) (there is a general presumption that the Legislature passes statutes with knowledge of prior existing laws). See also Oldham v. Rooks, 361 So.2d 140
(Fla. 1978); Woodgate Development Corporation v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977) (in light of general presumption that later statutes are passed with knowledge of prior existing laws, construction is favored which gives each one a field of operation). Moreover, it is clear that specific and particular authority granted in a special act will prevail over general law. See Rowe v. Pinellas Sports Authority, 461 So.2d 72
(Fla. 1984); State ex rel. Johnson v. Vizzini, 227 So.2d 205
(Fla. 1969). Additionally, the last expression of the legislative will is the law. State v. Dunmann, supra; State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965); Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962). Accordingly, it would appear that the specific grant of authority in the subsequent enactment of ch. 84-446, Laws of Florida, operates to authorize the adoption of rules and regulations by the HCEPC which make it unlawful for any person to construct, alter, expand or operate any installation or plant which may emit or discharge pollutants or contaminants without a permit therefor from the environmental director, consistent with the provisions of s. 403.182(8), F.S., and notwithstanding the provision in s. 403.182(2), F.S., as to the exclusive permit authority of the Department of Environmental Regulation.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General