The Honorable Janet Reno State Attorney Metropolitan Justice Building 1351 Northwest 12th Street Miami, Florida 33125
Dear Ms. Reno:
Thank you for considering this office as a source for assistance in determining whether assistant state attorneys are law enforcement officers for purposes of carrying concealed weapons. You specifically inquire whether assistant state attorneys are exempt from the licensure provisions of s. 790.06, F.S.
Based upon the following analysis, I am of the opinion that assistant state attorneys are law enforcement officers for purposes of Ch. 790, F.S., and are exempt from the licensing requirements set forth in s. 790.06, F.S., while acting within the scope of their official duties.
Section 790.051, F.S., provides:
 Law enforcement officers are exempt from the licensing and penal provisions of this chapter when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty.
"Law enforcement officer" is generally defined for purposes of Ch.790, F.S., to include, among others, "[a]ll state attorneys . . . and their respective assistants and investigators."[1]
Section 790.06, F.S., the "Jack Hagler Self Defense Act," was created by Ch. 87-24, Laws of Florida. The statute authorizes the Department of State to issue licenses to persons qualified as provided in that section to carry concealed weapons or firearms.[2]
Subsection (5)(b) of the statute, in providing for the payment of certain license fees and costs, states:
 However, a "law enforcement officer" or "correctional officer" as defined in s. 943.10(1), (2), (6), (7), (8), and (9) shall be permitted to carry concealed firearms notwithstanding the requirements of this section. Further, a law enforcement or correctional officer as defined in s. 943.10(1) or (2) shall be exempt from the required fees and background investigation for a period of 1 year subsequent to the date of retirement of said officer as a law enforcement officer or correctional officer; . . .[3]
You ask whether the above provision limits the general definition of "law enforcement officer" in s. 790.001(8), F.S., and the ability of assistant state attorneys to carry concealed weapons under the law enforcement exemption of s. 790.051, F.S.
Subsequent to the enactment of Ch. 87-24, Laws of Florida, the Legislature in a special session amended s. 790.25, F.S.[4]
Section 790.25(3), F.S., as amended, now provides:
 LAWFUL USES. — The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
* * *
 (d) Sheriffs, marshals, prison or jail wardens, policemen, . . . and other peace and law enforcement officers and their deputies and assistants and full-time paid peace officers of other states and of the Federal Government who are carrying out official duties while in this state; . . . (e.s.)
Thus, s. 790.25, F.S., clearly provides that the licensing provisions contained in s. 790.06, F.S., do not apply to law enforcement officers. As the later enactment, the provisions of s.790.25, F.S., as amended, would control over any conflicting provisions in s. 790.06, F.S.[5]
Inasmuch as the term "law enforcement officer" is not defined in s. 790.25, the general definition of that term in s. 790.001(8), F.S., which expressly includes assistant state attorneys, would apply.
Therefore, I am of the opinion that assistant state attorneys are "law enforcement officers" for purposes of Ch. 790, F.S., and are exempt from the licensing requirements for carrying concealed weapons in s. 790.06, F.S., so long as they are acting within the scope and course of their official duties.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 790.001(8)(f), F.S.
[2] See, s. 790.01, F.S., prescribing criminal penalties for a person who carries a concealed weapon, electric weapon or device or firearm on or about his person; however, "[n]othing in this section shall relate to persons licensed as set forth in ss. 790.05 [repealed by Ch. 87-24, Laws of Florida] and 790.06."
[3] Section 943.10(1), F.S., defines "law enforcement officer" as:
 [A]ny person who is elected, appointed, or employed full time by any municipality or the state or any subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. . . .
And see, s. 943.10(2), (6), (7), (8), and (9), F.S., respectively defining "correctional officer," "part-time law enforcement officer," "part-time correctional officer," "auxiliary law enforcement officer," and "auxiliary correctional officer." Cf.,943.13, F.S., setting forth minimum qualifications for employment as a full-time, part-time, or auxiliary law enforcement or correctional officer as defined in Ch. 943, F.S.
[4] Section 2, Ch. 87-537, Laws of Florida.
[5] E.g., State v. Dunmann, 427 So.2d 166 (Fla. 1983) (last expression of Legislature will prevail in case of conflicting statutes).
[6] Compare, s. 790.052, F.S., which authorizes "full-time police officers, Florida highway patrolmen, agents of the Department of Law Enforcement, and sheriff's deputies" to carry, on or about their persons, concealed weapons during off-duty hours, at the discretion of their superior officers. And see, AGO's 72-212 and 72-212A regarding the authority of police officers to carry concealed weapons off duty.