560 So.2d 1186 (1990)
G.C., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2571.
District Court of Appeal of Florida, Third District.
January 30, 1990.
On Denial of Rehearing April 24, 1990.
*1187 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., and Ada Manzano, Certified Legal Intern, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
G.C. appeals an adjudication of delinquency for burglary and theft of an automobile, and a related order of restitution. We affirm in part and reverse in part.
G.C., a fourteen year old juvenile, accepted a ride from a friend who was driving a stolen car. The attention of law enforcement was soon drawn to the vehicle because the driver could barely see over the steering wheel. When police officers halted the car, the driver left the vehicle without properly applying the brake. The vehicle rolled down a hill, collided with another vehicle, and was extensively damaged. In a post-arrest statement, G.C. indicated that when he entered the car he observed the broken condition of the steering column and suspected the car was stolen. The trial court adjudicated G.C. delinquent and ordered $4,000 in restitution.
On appeal G.C. contends that being a passenger in a stolen automobile, without more, is not sufficient to support a charge of theft or burglary of an automobile. We agree.
Section 812.014, Florida Statutes (1987), defines theft as follows:
(1) A person is guilty of theft if he knowingly obtains or uses ... the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
The phrase "obtains or uses" is broadly defined to encompass any use, including unauthorized use. Id. § 812.012(2). As a passenger, G.C. undoubtedly "used" the property within the statutory meaning.
Use alone, however, is not enough. The statute requires an additional element: an intent, in substance, to work a deprivation or appropriation of the owner's property. Id. See generally State v. McNeill, 407 So.2d 1021, 1022 (Fla. 4th DCA 1981), approved, State v. Dunmann, 427 So.2d 166, 169 (Fla. 1983). In the context of an automobile theft, that intention would be shown, if not by aid or participation in the taking of the vehicle, then by some exercise of dominion and control over it afterwards. In the present case the vehicle had already been stolen by the driver, who retained control throughout. The record does not reflect the exercise by G.C. of dominion and control over the vehicle so as to take some step toward working the deprivation or appropriation of the vehicle, as required by the statute. See E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989) (Schwartz, C.J., concurring). It is, of *1188 course, possible to argue that any use of the stolen vehicle, even by an after-acquired passenger, is inconsistent with the interests of the owner and therefore constitutes a statutory deprivation or appropriation of the property. See D.N. v. State, 529 So.2d 1217 (Fla. 1st DCA 1988). To so hold would, however, reduce the statutory criterion purely to that of unauthorized use. See id. at 1221 ("We must observe ... that such a broad interpretation of this statutory concept ... can lead to bizarre, if not absurd, results"). In order to give effect to all of the statutory elements, and in view of the fact that unauthorized presence within a motor vehicle is already proscribed by another statute, § 810.08, Fla. Stat. (1987), we conclude that the theft statute does not reach G.C.'s conduct. We acknowledge that our holding on this point is in direct and express conflict with D.N. v. State.
We have not overlooked the Florida Supreme Court's decision in State v. Dunmann. There the court concluded that the "obtains or uses" terminology of the theft statute includes an intent to temporarily deprive an owner of his property. 427 So.2d at 167-68.[1] In so holding, the court determined that the theft statute had left the joy-riding statute, § 812.041, Fla. Stat. (1981) (repealed 1982), with no valid field of operation. 427 So.2d at 167-69 & fn.[2] Arguably, of course, G.C.'s conduct was joy-riding, which former section 812.041 proscribed, and if all conduct described by former section 812.041 has been subsumed in the current theft statute, it would follow that G.C. is guilty of theft. The most logical interpretation of Dunmann, however, is that it involved only the prosecution of persons accused of actively operating the vehicles in question. Each appellant in Dunmann had been charged with a separate, unrelated count of grand theft, and no appellant was identified as a passenger. Each appellant was said to have had the intent to temporarily deprive each owner of his or her property, and the question was whether an intent to work a temporary deprivation constituted theft. Dunmann did not address the question presented here: the application of the theft statute to a passenger in a stolen car. For the reasons stated, we conclude that G.C.'s conduct did not constitute theft under section 812.014.
G.C. was also charged with burglary of an automobile, § 810.02, Fla. Stat. (1987), by entering or remaining in the vehicle without the consent of the owner, and with the intent to commit an offense, namely, the theft of the vehicle. Because the theft charge fails, the burglary charge also must fail.
Although the theft and burglary charges cannot be sustained, G.C.'s conduct violated section 810.08, Florida Statutes (1987), which prohibits trespass to a conveyance. That statute imposes a misdemeanor penalty on one who "without being authorized, licensed, or invited, willfully enters or remains in any ... conveyance... ."[3] Based on the allegations of the petition, and the proof at trial, the violation of section 810.08 is a lesser included offense of the burglary with which G.C. *1189 was charged. See B.D. v. State, 412 So.2d 70, 70-71 (Fla. 1st DCA 1982) (trespass as lesser included offense of burglary); J.B. v. State, 405 So.2d 247, 248 (Fla. 3d DCA 1981) (attempted trespass, burglary). See generally Fla.Std. Jury Instr. (Crim.) p. 283 (1981 ed.); Brown v. State, 206 So.2d 377, 381-83 (Fla. 1968).[4] The interpretation we reach provides an appropriate sphere for operation of each of the statutes  theft, burglary, and trespass to a conveyance.[5]
The final issue is that of restitution. The trial court awarded $4,000 restitution against G.C., which represented all of the damage to the car. Most, if not all, of the damage was caused by the driver, first, when he stole the vehicle, and second, when he negligently parked it so that it rolled away and was damaged. Since the defendant must have caused the damage or loss, at least indirectly, in order to support an order of restitution, § 775.089(1)(a), Fla. Stat. (1987), the order must be reversed insofar as it relates to the driver's separate conduct. See State v. Williams, 520 So.2d 276, 277-78 (Fla. 1988). We remand for a new hearing to ascertain the damage amounts, if any, attributable directly or indirectly to G.C.'s trespass.
We therefore affirm the adjudication of delinquency on the basis of trespass to a conveyance, and reverse insofar as the adjudication rested on the offenses of theft and burglary of a conveyance. We reverse the order of restitution and remand for a new hearing.
Affirmed in part, reversed in part, and remanded.

ON DENIAL OF REHEARING
G.C. has moved for a rehearing, contending that on the basis of the court's opinion, he is entitled to have the adjudication of delinquency reversed and to be discharged. We disagree.
In the instant case we held that G.C.'s being a passenger in a stolen automobile did not, without more, render him guilty of theft or burglary of a conveyance. We affirmed the adjudication of delinquency, however, on the basis that the record demonstrated G.C. had committed the lesser included offense of trespass to a conveyance. See § 810.08, Fla. Stat. (1987).
G.C. contends that we are without authority to sustain the adjudication of delinquency on the ground that he was guilty of the lesser offense. He relies on a portion of the criminal appeals statute, section 924.34, Florida Statutes (1989), which provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
(Emphasis added). G.C. argues that the phrase "lesser offense necessarily included in the offense charged" refers only to those offenses described in category one of the Schedule of Lesser Included Offenses within the Standard Jury Instructions, see Fla.Std.Jury Instr. (Crim.) at 283 (1981 ed.), *1190 or category three of Brown v. State, 206 So.2d 377, 381-82 (Fla. 1968). Since trespass to a conveyance is an offense which may or may not be included in the offenses charged, it is neither a Standard Jury Instructions category one nor a Brown category three offense. It follows, according to G.C., that we were without authority to sustain the adjudication of delinquency on the ground that the juvenile was guilty of the lesser offense of trespass.
The short answer is that chapter 924 does not apply to juvenile cases. State v. C.C., 476 So.2d 144, 146 (Fla. 1985). Juvenile appeals are governed by the Florida Juvenile Justice Act, chapter 39, Florida Statutes (1989). 476 So.2d at 146; D.A.E. v. State, 478 So.2d 815 (Fla. 1985); see § 39.14, Fla. Stat. (1989).
There is precedent for affirming an adjudication of delinquency in circumstances comparable to those present here. Thus, in B.D. v. State, 412 So.2d 70 (Fla. 1st DCA 1982), an adjudication of delinquency was affirmed on the basis that trespass was a Brown v. State category four lesser included offense of burglary.[1]See also J.B. v. State, 405 So.2d 247, 248 (Fla. 3d DCA 1981) (reducing trespass to attempted trespass) (Brown v. State category two). We conclude that there is ample authority for sustaining the adjudication of delinquency on the basis of the lesser included offense.[2]
Alternatively, even if section 924.34 were applicable, G.C. would still not be entitled to relief. The phraseology used in section 924.34, "lesser offense necessarily included in the offense charged," is substantially identical to the phrase construed in Brown, "offense which is necessarily included in the offense charged." § 919.16, Fla. Stat. (1965), quoted in Brown v. State, 206 So.2d at 380. In both statutes, the focus is on the phrase "the offense charged." In interpreting the statutory language, Brown distinguished between category three and category four lesser included offenses, the touchstone in the latter category being "the particular allegations of the accusatory pleading and the proofs tendered in support thereof." 206 So.2d at 383.
On the basis of section 919.16, Brown held that the jury must be charged on both category three and category four offenses. Id. at 384 ("There should be an instruction on all lesser offenses which are covered by the accusatory pleading and supported by the evidence, even though the major crime charged could otherwise be established without proof of the lesser offense"). The sole authority for the requirement that the jury be instructed on category four, as well as category three, lesser included offenses is Brown's construction of the section 919.16 phrase "offense which is necessarily included in the offense charged." It follows that the substantially identical language contained in section 924.34 will support reduction of a charge to either category of lesser included offense.[3],[4]
*1191 We therefore deny the motion for rehearing.
NOTES
[1] Dunmann was decided under the theft statute as it existed prior to 1982. The 1982 legislature amended the statute to add the phrase, "either temporarily or permanently." Ch. 82-164, codified in § 812.014(1), Fla. Stat. (1987).
[2] Although repealed in 1982, 427 So.2d at 168-69 fn., the joy-riding statute was in force during the time pertinent to the Dunmann case. The court therefore needed to determine whether the Dunmann defendants were properly charged with theft, as the State contended, or joy-riding, as the defense contended.

The repealed joy-riding statute had penalized, as a first degree misdemeanor, the temporary use of a motor vehicle, boat, or aircraft without the owner's authority. § 812.041, Fla. Stat. (1981). Prior to the adoption of the theft statute, intent to work a permanent deprivation was an essential element in the crime of larceny of an automobile, as distinguished from temporary unauthorized use. State v. Dunmann, 427 So.2d at 169; see Baxley v. State, 411 So.2d 194, 196-97 (Fla. 5th DCA 1981) (Cobb, J., dissenting), overruled, State v. Dunmann.
[3] G.C. conceded, at the time of arrest, that he suspected the car was stolen. In view of the small size and apparently youthful age of the driver, the court could reasonably conclude that G.C.'s knowledge rose to a greater level than that of suspicion that the car was stolen. See also § 812.022(2), Fla. Stat. (1987).
[4] It would also appear that trespass to a conveyance is, on these facts, a lesser included offense in the charge of theft of a motor vehicle, as set forth in the delinquency petition. See generally Brown v. State, 206 So.2d at 381-83.
[5] The commentary to the Model Penal Code suggests that a distinction be drawn between those actively involved in the taking or operation of the vehicle, on the one hand, and passengers not otherwise involved, on the other:

There should be reluctance to authorize the conviction of a young person whose sole connection with the transaction is to accept a ride in a car taken and operated by another [without the owner's consent]. The deterrent purposes of the law would seem to be served, on the other hand, by prosecution of the operator and those who can be held responsible as accomplices in the operation of the vehicle.
American Law Institute, Model Penal Code & Commentaries § 223.9, at 273 (1980). The distinction suggested by the Model Penal Code is, we believe, implicit in the Florida statutory scheme through the assignment of a misdemeanor penalty to a trespasser, and a felony penalty to those who accomplish the theft or otherwise exercise dominion and control over the vehicle.
[1] According to Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984), the 1981 version of the Standard Jury Instructions classified trespass as a category one lesser included offense of burglary. Id. at 1011 n. 7; see also In the Interest of R.R., 397 So.2d 1051 (Fla. 4th DCA 1981). In 1987 the classification was changed to category two. The Florida Bar re Standard Jury Instructions  Criminal, 508 So.2d 1221, 1232 (Fla. 1987).

R.R. relied on section 924.34 as authority for sustaining the adjudication of delinquency on the basis of a lesser included offense. In light of the Florida Supreme Court's later decisions in D.A.E. v. State and State v. C.C., that portion of R.R. is no longer good law.
[2] From a mechanical standpoint, an affirmance of an adjudication of delinquency does not involve the vacating of the adjudication and imposing a new adjudication, as is contemplated by section 924.34 in a criminal appeal. In a delinquency appeal, the original adjudication of delinquency is affirmed on an alternative ground. See § 39.01(9), Fla. Stat. (1989).
[3] In Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), the court indicated that the contents of section 919.16, Florida Statutes (1965) are now found in Rule 3.510, Florida Rules of Criminal Procedure. 438 So.2d at 796 n. 3.
[4] Although the defense has not raised the issue, it could be argued that Rule 8.190(j), Florida Rules of Juvenile Procedure, only allows a trial court to reduce a charge to a Brown v. State category three lesser included offense. Such an interpretation would create an anomaly by which the appellate courts would have greater authority than the trial courts to reduce a charge to a lesser included offense. Applying Brown to Rule 8.190(j), we conclude that the trial court's authority would extend to a Brown category four, as well as category three, lesser included offense. It follows, therefore, that the powers of the appellate and the trial courts in this respect are the same.